69814. LOVE et al. v. SHIELDS et al.
(333 SE2d 32)

McMURRAY, Presiding Judge.

This is a civil procedure case. On December 13, 1983, defendants filed a motion to dismiss for lack of subject matter jurisdiction. Following oral arguments on the motion, and consideration of an amended complaint filed subsequent to oral argument, the state court wrote counsel that it was of the opinion that the motion to dismiss should be granted and directed defense counsel to prepare an appropriate order. The next day, April 25, 1984, plaintiffs filed a notice of voluntary dismissal without prejudice. On May 3, 1984, defendants moved to strike plaintiffs' notice of dismissal. On May 18, 1984, the state court entered its order dismissing plaintiffs' complaint for lack of subject matter jurisdiction, nunc pro tunc to April 25, 1984. On August 6, 1984, the state court entered its order denying defendants' motion to strike the notice of voluntary dismissal and by separate order of the same date (August 6, 1984) vacated its order of May 18, 1984 (granting defendants' motion to dismiss). Defendants appeal. *Held*:

Defendants' argument is derived in its entirety from the decision in *Jones v. Burton*, 238 Ga. 394 (233 SE2d 367), and its precursor *Cooper v. Rosser*, 233 Ga. 388 (211 SE2d 303). However, these cases

and their progeny fail to support the position advocated by defendants. The rule stated in those cases is that " 'the plaintiff's right to dismiss can not be exercised after a *verdict or a finding by the judge which is equivalent thereto . . .'* [Cit.]" (Emphasis supplied.) *Cooper v. Rosser*, 233 Ga. 388, supra. In the case sub judice, the ruling of the state court at issue is far from being equivalent to a verdict as it fails to even address the merits of plaintiffs' claim. Although the rule of law upon which defendants rely has been expanded somewhat by such cases as *Groves v. Groves*, 250 Ga. 459, 460 (1) (298 SE2d 506), we find the rule inapplicable to the particular facts and circumstances presented in the case sub judice.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED JUNE 27, 1985.

*Henry R. Bauer, Jr., Thomas E. Raines, Gerald B. Kline, Allison Hines*, for appellants.

*Tim D. Hemingway*, for appellees.