## A98A2188. GARCIA et al. v. VIRDEN.

(512 SE2d 664)

RUFFIN, Judge.

Felipe Garcia and Guadelupe Gonzalez, individually and as natural guardians of Diana Gonzalez, dismissed and then re-filed an action against Thomas Virden for injuries they allegedly sustained in an automobile accident. The trial court dismissed the second action on the ground that plaintiffs failed to perfect service upon defendant in the original action, and plaintiffs appeal. Because dismissal was proper, we affirm.

Plaintiffs filed suit against defendant on March 13, 1995 for injuries they allegedly sustained in a March 28, 1994 automobile collision. For two years, plaintiffs unsuccessfully attempted to serve defendant with a copy of the complaint and summons. On April 1, 1997, defendant filed a motion to dismiss, asserting, among other things, insufficiency of service of process, insufficiency of process, and the expiration of the statute of limitation. Plaintiffs voluntarily dismissed their case without prejudice on April 15, 1997, without ever perfecting service on defendant.

On May 5, 1997, after the expiration of the two-year statute of limitation for personal injuries (OCGA § 9-3-33), plaintiffs re-filed the same action against defendant and served him by publication on October 9, 1997. The trial court granted defendant's motion to dismiss, holding that the second case constituted an improper attempt to renew a void action.

In three enumerations of error, plaintiffs contend that the trial court erred in concluding that their failure to perfect service in their original action voided their subsequent renewal action. We do not agree.

OCGA § 9-2-61 (a) provides that "[w]hen any case has been commenced . . . within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state . . . either within the original applicable

period of limitations or within six months after the discontinuance or dismissal, whichever is later." However, "[t]he privilege of dismissal and renewal does not apply to cases decided on their merits or to void cases, but does allow renewal if the previous action was merely voidable. . . . The original suit is void if service was never perfected, since the filing of a complaint without perfecting service does not constitute a pending suit." (Punctuation omitted.) *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994). Because plaintiffs never perfected service in the original suit, such suit was void and incapable of renewal under OCGA § 9-2-61 (a). Id.

*Allen v. Kahn*, 231 Ga. App. 438 (499 SE2d 164) (1998), relied on by plaintiffs, does not require a different result. In that case, the defendants were in fact served in the original suit, although not until after the statute of limitation expired. Because the defendants were actually served, and plaintiffs voluntarily dismissed the original suit before the trial court ruled on the reasonableness of such service, such suit was merely voidable and thus capable of being renewed. In this case, by contrast, service was *never* perfected in the original suit, thus rendering such suit absolutely void.

Here, "[a]lthough [plaintiffs] commenced their first personal injury suit within the applicable two-year limitation period, they failed to serve [defendant] with the suit, and the limitation period expired before they voluntarily dismissed the action and refiled the second suit." *Sparrow v. Che*, 232 Ga. App. 184, 185 (1) (501 SE2d 553) (1998). "Under these circumstances, the renewal provisions of OCGA § 9-2-61 (a) did not protect the second suit from the bar of the statute of limitation," and thus we affirm the trial court's dismissal of plaintiffs' action with prejudice. Id.; see also *Hobbs*, supra.

*Judgment affirmed. Pope, P. J., and Beasley, P. J., concur.*

DECIDED FEBRUARY 18, 1999.

*Ivory T. Brown*, for appellants.
*Jenkins & Nelson, Robert W. Lamb*, for appellee.

