## A04A2125. STEPHENS v. SHIELDS.
(608 SE2d 736)

PHIPPS, Judge.

Judith Stephens appeals the trial court's dismissal of her renewal action in this automobile accident case. She argues that the court improperly ruled that her original suit was void because she had failed to personally serve the defendant before voluntarily dismissing the suit. Because the trial court ruled correctly, we affirm.

The relevant facts are not in dispute. On March 18, 2003, Stephens sued Yolanda Shields in the State Court of DeKalb County for personal injuries allegedly resulting from a March 26, 2001 collision. Stephens did not personally serve Shields with a copy of the summons and complaint. In May 2003, Shields moved to dismiss, asserting insufficient service of process and lack of personal jurisdiction. After a hearing, the court orally granted Shields's motion and directed defense counsel to prepare a written dismissal order. Before a written order was entered, however, Stephens voluntarily dismissed her complaint without prejudice. Shields moved to set aside the voluntary dismissal on the ground that the complaint already had been dismissed by oral order of the court, but the court denied the motion.[1]

On September 3, 2003, Stephens filed a renewal action in the State Court of Fayette County pursuant to OCGA § 9-2-61 (a). On September 4, she personally served Shields with the renewal complaint. Shields moved to dismiss the complaint — or, alternatively, for summary judgment — on the ground that the renewal action was invalid because the underlying action was void for insufficient service of process. After a hearing, the Fayette County court granted the motion and dismissed the renewal action.

Under OCGA § 9-2-61 (a),

> [w]hen any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be

---

[1] The court recognized the general rule that a civil plaintiff may not exercise her right of voluntary dismissal under OCGA § 9-11-41 (a) (1) after a judge has announced a judgment in the case, even if the judgment has not been formally entered. See, e.g., *Jones v. Burton*, 238 Ga. 394, 395 (233 SE2d 367) (1977). The court noted, however, that this rule applies only when a judge has dismissed the case on the merits. See *Love v. Shields*, 175 Ga. App. 252 (333 SE2d 32) (1985) (plaintiff's voluntary dismissal of personal injury case was valid even though court had indicated intention to dismiss case for lack of subject matter jurisdiction, because court's dismissal was not based on merits of case). Because a dismissal for insufficient service of process is not a decision on the merits, see *Wilson v. Ortiz*, 232 Ga. App. 191, 193 (1) (a) (501 SE2d 247) (1998), the court concluded that its prior oral dismissal did not bar Stephens's voluntary dismissal.

> recommenced in a court of this state or in a federal court . . .
> within six months after the discontinuance or dismissal. . . .

"The renewal statute applies only to actions that are valid prior to dismissal. To constitute a valid action, the complaint must be served personally on the defendant."[2] Thus, "[t]he original suit is void if service was never perfected, since the filing of a complaint without perfecting service does not constitute a pending suit."[3] Because Stephens did not personally serve Shields before voluntarily dismissing her initial complaint, that complaint was void and the renewal statute does not apply.[4] Accordingly, this action is barred by the applicable statute of limitation,[5] and the Fayette County court properly dismissed it.

Stephens argues that she is entitled to the benefit of the renewal statute because she diligently attempted to serve Shields personally, but could not find her. A plaintiff's failure to personally serve the defendant before voluntarily dismissing the suit, however, renders the suit void and renewal unavailable, even if the plaintiff has attempted service.[6] Moreover, as the DeKalb County court orally granted Shields's motion to dismiss for insufficient service of process, it must have concluded that Stephens had *not* acted diligently to perfect personal service.

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*


DECIDED DECEMBER 17, 2004.


*Bill W. Crecelius, Jr.*, for appellant.

*Harper, Waldon & Craig, John B. Craig, Savell & Williams, Robert E. Mulholland*, for appellee.

---

[2] (Citations and punctuation omitted.) *Hudson v. Mehaffey*, 239 Ga. App. 705, 706 (521 SE2d 838) (1999).

[3] (Citations omitted.) *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994).

[4] *Hudson*, supra.

[5] See OCGA § 9-3-33 (statute of limitation for personal injury actions is two years after action accrues).

[6] See *Clark v. Dennis*, 240 Ga. App. 512 (522 SE2d 737) (1999); *Garcia v. Virden*, 236 Ga. App. 539 (512 SE2d 664) (1999).