[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 6, 2005
THOMAS  K. KAHN
CLERK

No. 04-15187
Non-Argument Calendar
_____

D.C. Docket No. 04-00220-CV-WDO-5

DON P. WILSON,

Plaintiff-Appellant,

versus

MR. HAMILTON, Sergeant at Dooly State Prison, individually
and in his official capacity,
MR. MCDANIEL, Officer at Dooly State Prison, individually and
in his official capacity, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Middle District of Georgia

_____

(May 6, 2005)

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

The district court dismissed Don P. Wilson's 42 U.S.C. § 1983 lawsuit as barred by the statute of limitations. Proceeding pro se, Wilson appeals.

We review the district court's "interpretation and application of a statute of limitations de novo." United States v. Carrell, 252 F.3d 1193, 1198 (11th Cir. 2001). Because § 1983 itself does not have a statute of limitations, federal courts borrow statutes of limitation and tolling provisions from state law. Bd. of Regents of Univ. of the State of N.Y. v. Tomanio, 446 U.S. 478, 483–84, 100 S. Ct. 1790, 1794–95 (1980).

In Georgia where Wilson filed his suit, the statute of limitations for all § 1983 claims is two years. Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986). Wilson's present suit was filed in 2004 based on actions that allegedly took place in 2000, placing it clearly outside the statute of limitations. Georgia law, however, has a tolling provision for so-called "renewal actions." Under that provision, "[w]hen any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court . . . within six months after the discontinuance or dismissal." Ga. Code Ann. § 9-2-61(a).

In 2001, Wilson had filed a § 1983 suit against the same parties based on

the same underlying facts, but he never effected service.[1]  The defendants moved

to dismiss the suit for failure to serve them within 120 days of the filing of the

complaint.  The court ordered Wilson to show cause why his case should not be

dismissed for failure to timely serve the defendants.  Wilson responded that he had

thought the court effected service of process in cases where the plaintiff was pro

se.  He moved to dismiss his complaint without prejudice, indicating that he would

refile the case later and serve all the defendants at that time.  The district court

dismissed Wilson's first § 1983 action without prejudice in May 2004.  Wilson

filed the present lawsuit in July 2004.

At first glance, this suit would seem to qualify as a "renewal action" under

Ga. Code Ann. § 9-2-61(a), but it does not.  "The renewal statute applies only to

actions that are valid prior to dismissal.  To constitute a valid action, the complaint

must be served personally on the defendant.  Thus, the original suit is void if

service was never perfected since the filing of a complaint without perfecting

service does not constitute a pending suit."  Stephens v. Shields, 608 S.E.2d 736,

738 (Ga. Ct. App. 2004) (internal marks and footnotes omitted); see also Scott v.

Muscogee County, 949 F.2d 1122, 1123 (11th Cir. 1992) (per curiam) (holding

---

[1] In the original suit, Wilson also sued Warden Carl Bass.  Bass executed a waiver of service of summons and was later dismissed from the lawsuit.  Bass is not a defendant in the current lawsuit, and we consider him no further.

that the Georgia renewal statute does not apply where the complaint in the original suit was never served on the defendants).  Accordingly, Wilson's first action was void, and Georgia's tolling provision for "renewal actions" does not apply.

**AFFIRMED.**