A06A0425. McCLENDON v. KROGER COMPANY.
(631 SE2d 461)

BARNES, Judge.

On March 26, 2003, Daniel McClendon filed a complaint for damages against the Kroger Company in Cobb County alleging false imprisonment and false arrest after he was arrested for criminal trespass in March 2001 at a Bibb County Kroger. On June 15, 2004, following a peremptory calendar, the action was dismissed for want of prosecution. McClendon, apparently, never perfected service upon Kroger.

On December 14, 2004, after the expiration of the two-year statute of limitation for false imprisonment or false arrest, McClendon refiled the same action against Kroger in Gwinnett County. There was no mention of the earlier suit. Thereafter, Kroger moved for a judgment on the pleadings based on the expiration of the statute of limitation, which the trial court granted. McClendon subsequently filed a motion to vacate the trial court's order because the order was issued before the lapse of the 30-day period provided for his response. The trial court vacated its order, and McClendon filed a response to

Kroger's motion for judgment on the pleadings in which he noted for the first time the prior suit in Cobb County, and argued that expiration of the statute of limitation was not dispositive of his claim because the present complaint was filed pursuant to the renewal statute, OCGA § 9-2-61.

Treating Kroger's motion for judgment on the pleadings as a motion for summary judgment, the trial court granted Kroger's motion finding that, "if service in the original action is never perfected, that action is void and incapable of renewal."

McClendon argues that the trial court erred in granting Kroger's motion and in ruling that the Gwinnett County suit was not a valid renewal action because the Cobb County court failed to make a judicial determination that dismissal of the earlier suit was void rather than voidable, and had not dismissed his earlier claim on its merits. We find no merit to these contentions.

If, on a motion for judgment on the pleadings, matters outside of the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment. OCGA § 9-11-12 (c). We review the trial court's grant of summary judgment de novo to determine if the evidence demonstrates any genuine issue of material fact. *Howell v. Styles*, 221 Ga. App. 781, 784 (4) (472 SE2d 548) (1996). To prevail, the moving party must demonstrate that there is no genuine issue of any material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, support judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

OCGA § 9-2-61 (a) permits the renewal of an action after its dismissal by filing a new complaint "within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later. . . ." But "[i]f the original suit is void, then the second suit is not a renewal suit under OCGA § 9-2-61 (a) and cannot rely on the original suit's filing date for statute of limitation purposes." (Footnote omitted.) *Clark v. Dennis*, 240 Ga. App. 512 (1) (522 SE2d 737) (1999). "The original suit is void if service was never perfected, since the filing of a complaint without perfecting service does not constitute a pending suit." (Citation and punctuation omitted.) *Garcia v. Virden*, 236 Ga. App. 539, 540 (512 SE2d 664) (1999).

> Here, although [McClendon] commenced [his] first [false imprisonment] suit within the applicable two-year limitation period, [he] failed to serve [Kroger] with the suit, and the limitation period expired before [he] . . . refiled the second suit. Under these circumstances, the renewal provisions of OCGA § 9-2-61 (a) did not protect the second suit

from the bar of the statute of limitation, and thus we affirm the trial court's [grant of summary judgment to Kroger].

(Citations and punctuation omitted.) Id.
*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED MAY 16, 2006.

*Gordon & Boykin, Jerry Boykin*, for appellant.
*Douglas A. Wilde*, for appellee.