[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 8, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12898
Non-Argument Calendar

_____

D. C. Docket No. 05-03128-CV-TWT-1

EILEEN GEARY,

Plaintiff-Appellant,

versus

THE CITY OF SNELLVILLE,
A Political Subdivision of the State of Georgia,
JAMES DAVIS,
KEVIN SEBRING,
ROBERT PENDLETON, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(November 8, 2006)**

Before TJOFLAT, HULL and FAY, Circuit Judges.

PER CURIAM:

On appeal, Eileen Geary appeals the dismissal with prejudice of her pro se 42 U.S.C. § 1983 civil complaint and the denial of her motion for leave to file an amended supplemental complaint.

Geary argues that, even though she filed this complaint after the applicable statute of limitations period had run, the statute should have been tolled during the pendency of an earlier filed motion to dismiss in a prior identical action. Geary also argues that she should have been granted leave to amend her complaint to add new causes of action against a Snellville police officer and new causes of action against individuals allegedly responsible for the failure of service of process in the prior identical action.

First, Geary argues that her complaint should not have been dismissed, because the statute of limitations period was tolled. We review the district court's application of the statute of limitations period and the grant of a motion for summary judgment de novo, applying the same standards as used by the district court. McCaleb v. A.O. Smith Corp. 200 F.3d 747, 750 (11th Cir. 2000). We review a grant of a motion for summary judgment to determine whether "there [was] no genuine issue of material fact," and whether the defendants were "entitled to judgment as a matter of law." Fed.R.Civ.P 56(c).

Actions brought in a federal district court in Georgia pursuant to § 1983 are

governed by the two-year statute of limitations period for personal injuries set forth in O.C.G.A. § 9-3-33. Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986).  The question of whether the statute of limitations period is tolled is also governed by Georgia law. See Scott v. Muscogee County, 949 F.2d 1122, 1123 (11th Cir. 1992) (applying Georgia renewal statute to time-barred § 1983 action in federal court), Cambridge Mut. Fire Ins. Co. v. Claxton, 720 F.2d 1230, 1233 (11th Cir. 1983) (applying Georgia law to question of whether the statute of limitations period is tolled).

Under Georgia law, an action may be filed after the running of the statute of limitations period under certain circumstances. Georgia's renewal statute, set forth in O.C.G.A. § 9-2-61 provides that:

> When any case has been commenced in either state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later. . . .

However, "[t]he renewal statute applies only to actions that are valid prior to dismissal. . . . To constitute a valid action, the complaint must be served personally on the defendant. . . . Thus, the original suit is void if service was never perfected, since the filing of a complaint without perfecting service does not constitute a pending suit." Stephens v. Shields, 271 Ga. App. 141, 142 (2004).  See also Black

3

v. Knight, 231 Ga. App. 820, 821 (1998) (" in order for a case to qualify as a renewal action, the earlier filed suit must have been a valid action with proper service on the defendant").

Geary's complaint, filed on December 12, 2005, was filed beyond the applicable statute of limitations period for all of the alleged incidents of wrongdoing against the named defendants. Because her prior action was void due to lack of service of process, the Georgia renewal statute did not toll the time to file her complaint.

Next, Geary argues that the district court should have granted her motion for leave to file an amended supplemental complaint. We review the district court's refusal to grant leave to amend for abuse of discretion; however, the underlying legal conclusion that an amendment is futile is subject to de novo review. Harris v. Ivax Corp., 182 F.3d 799, 802-03 (11th Cir. 1999). After a responsive pleading has been filed, a plaintiff may amend her complaint only by leave of court or by written consent of the adverse party. Fed.R.Civ.P. 15(a). However, leave to amend is to be freely given, absent substantial reason to deny the motion. Laurie v. Alabama Ct. of Crim. App., 256 F.3d 1266, 1274 (11th Cir. 2001). Rule 15(a)'s requirement that leave be granted "when justice so requires" places a limit on a court's discretion. (Id.). Reasons justifying a denial of leave to amend include

4

undue delay, bad faith, dilatory motive on the part of the movant, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment. (Id.).

The district court carefully reviewed the proposed amendments put forward by Geary and concluded that they "would be unable to withstand a motion to dismiss." We agree.

Because Geary's proposed amendments would have been futile, the district court did not abuse its discretion in denying Geary's motion for leave to amend.

Upon careful review of the record, and consideration of the parties' briefs, we find no reversible error.

**AFFIRMED.**