## A06A2483. TOWE v. CONNORS.
(644 SE2d 176)

BERNES, Judge.

Jerry Dale Towe appeals the dismissal with prejudice of his personal injury action against Darryl Martin Connors. The trial court dismissed the action because the statute of limitation had expired prior to the filing of Towe's lawsuit. We find no error and affirm.

The record reflects that Towe filed two lawsuits seeking damages for personal injuries sustained as a result of an automobile accident that occurred in Oconee County on July 31, 2003. Towe filed the first action on July 13, 2005 in the Clarke County Superior Court. Connors was never served with this lawsuit. The second lawsuit, the instant action, was filed on August 12, 2005 in the Oconee County Superior Court. After Connors received notorious service of process, he filed an answer by special appearance and moved to dismiss the action with prejudice on the ground that Towe had failed to file the action within the period authorized by the relevant statute of limitation. The trial court granted the motion.

"Actions for injuries to the person shall be brought within two years after the right of action accrues." OCGA § 9-3-33. The automobile accident from which Towe's personal injuries claim arose occurred on July 31, 2003. Towe did not file the instant action until August 12, 2005, more than two years after the action accrued.

> OCGA § 9-2-61 (a) permits the renewal of an action after its dismissal by filing a new complaint within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later. But if the original suit is void, then the second suit is not a renewal suit under OCGA § 9-2-61 (a) and cannot rely on the original suit's filing date for statute of limitations purposes. The original suit is void if service was never perfected, since the filing of a complaint without perfecting service does not constitute a pending suit.

(Citations and punctuation omitted.) *McClendon v. Kroger Co.*, 279 Ga. App. 417, 418-419 (631 SE2d 461) (2006). "[A] void action cannot be renewed after the statute of limitation has run." (Punctuation and footnote omitted.) *Askins v. Colon*, 270 Ga. App. 737, 738-739 (1) (608 SE2d 6) (2004).

Here, Towe's initial action, though filed within the statute of limitation period, was void because service was never perfected. Thus, Towe's second lawsuit, filed outside the statute of limitation period, was not a renewal action and was properly dismissed.

Towe nevertheless claims that the dismissal should not have been entered *with prejudice* so as to bar him from filing any further action. We disagree. The statute of limitation is an affirmative defense which acts as a bar to recovery. *Dept. of Human Resources v. Nation*, 265 Ga. App. 434, 439 (3) (594 SE2d 383) (2004). Dismissal based upon the expiration of the statute of limitation is in essence dismissal for failure to state a claim upon which relief can be granted. See *U. S. Fidelity &c. Co. v. Rome Concrete Pipe Co.*, 256 Ga. 661, 663 (353 SE2d 15) (1987) ("statutes of limitation . . . provide a date certain after which potential defendants can no longer be held liable for claims brought in such actions"). A dismissal on this ground is a decision on the merits, and the doctrine of res judicata bars a subsequent lawsuit on this claim. See *Brown v. J. H. Harvey Co.*, 268 Ga. App. 322, 324 (3) (601 SE2d 808) (2004).

*Judgment affirmed. Barnes, C. J., and Andrews, P. J., concur.*

DECIDED MARCH 19, 2007.

*Van C. Wilks*, for appellant.
*Talley, French & Kendall, Maureen E. Murphy*, for appellee.