## A07A1319. BAXLEY v. BALDWIN.
(651 SE2d 172)

BARNES, Chief Judge.

This is the second appearance of this case before us. In *Baxley v. Baldwin*, 279 Ga. App. 480 (631 SE2d 506) (2006), we affirmed the trial court's dismissal of Mary Baxley's slip-and-fall suit against Mary Baldwin on the ground that service by publication was insufficient to confer personal jurisdiction over Baldwin. Id. at 482-483 (2), (3). When Baxley filed a second suit and served Baldwin personally, Baldwin moved to dismiss the second suit with prejudice because the face of the complaint showed that it was barred by the statute of limitation. The trial court agreed and dismissed the second action.

1. Baxley argues that because her first suit was voidable rather than void, the trial court erred in dismissing the action. We disagree. As the Supreme Court of Georgia held in *Hobbs v. Arthur*, 264 Ga. 359 (444 SE2d 322) (1994):

> The privilege of dismissal and renewal does not apply to cases decided on their merits or to void cases, but does allow renewal if the previous action was merely voidable. *The original suit is void if service was never perfected, since the filing of a complaint without perfecting service does not constitute a pending suit.* A suit is also void and incapable of renewal under [OCGA §] 9-2-61 (a) if there has been a judicial determination that dismissal is authorized. However, unless and until the trial court enters an order dismissing a valid action, it is merely voidable and not void.

(Citations and punctuation omitted; emphasis supplied.) Id. at 360.

Here, the trial court entered an order dismissing the first action, which was already void for failure to perfect service. *Hobbs*, supra; *McClendon v. Kroger Co.*, 279 Ga. App. 417, 418-419 (631 SE2d 461) (2006) (affirming dismissal of second action as time-barred; trial court's failure to specify that first action was dismissed with prejudice does not mean that it was voidable). This means that Baxley's second action cannot amount to a renewal action under OCGA § 9-2-61 (a). *Towe v. Connors*, 284 Ga. App. 320 (644 SE2d 176) (2007) (affirming dismissal of second action as time-barred when original suit was void for nonperfected service); *McClendon*, supra; *Clark v. Dennis*, 240 Ga. App. 512 (1) (522 SE2d 737) (1999); *Garcia v. Virden*, 236 Ga. App. 539, 540 (512 SE2d 664) (1999). Since Baxley's second complaint discloses on its face that the action is time-barred, the trial court correctly dismissed it. See OCGA § 9-3-33 (action for personal injury "shall be brought within two years after the right of action accrues"); *Towe*, supra; *McClendon*, supra.

2. Baldwin has moved for the imposition of a penalty for a frivolous appeal under Court of Appeals Rule 15 (b), arguing that Baxley could have no reasonable basis for believing that this appeal would result in a reversal of the trial court's judgment.

Our previous opinion affirmed not only the trial court's dismissal of Baxley's first action but also its decision to strike two affidavits filed by her as unsupported by either facts or personal knowledge. *Baxley*, supra, 279 Ga. App. at 481 (1). Under the abundant authority already cited, Baxley's second action could not amount to a renewal of her first, and was properly dismissed as time-barred on its face.

> Because the law of Georgia is indisputably clear on issues raised by [Baxley's] appeal, we grant [Baldwin's] motion for a . . . frivolous appeal pursuant to Rule [15 (b)] of the Rules of this Court. The trial court is directed to enter judgment for a $500 penalty against [Baxley's counsel] and in favor of [Baldwin] upon return of the remittitur.

*Suchnick v. Southern Gen. Ins. Co.*, 196 Ga. App. 687 (396 SE2d 609) (1990). See *Crane v. Lazaro*, 281 Ga. App. 127, 128-129 (2) (635 SE2d 319) (2006) (imposing penalty of $1,000 against counsel where result of previous appeal allowed no reasonable basis for belief that current appeal would be successful).

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED AUGUST 13, 2007.

*Ralph L. Phillips*, for appellant.

*Gardner, Willis, Sweat & Handelman, Donald A. Sweat*, for appellee.