**FIFTH DIVISION**
**RICKMAN, C. J.,**
**MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**December 8, 2021**

# In the Court of Appeals of Georgia

A21A1276. McWILLIAMS v. PARKER.

PHIPPS, Senior Appellate Judge.

Nicholas McWilliams appeals the trial court's dismissal of his renewal action in this automobile collision case.[1] He argues the court improperly ruled that his action was not renewable under OCGA § 9-2-61 (a) (the "renewal statute") because he failed to serve the defendant before his original complaint was dismissed. We find no error and affirm.

The relevant facts are not in dispute. On September 14, 2017, McWilliams sued Marian Parker for personal injuries allegedly resulting from a September 16, 2015

---

[1] The complaint does not specifically state that this is a renewal action under OCGA § 9-2-61, but neither party contends otherwise.

collision.[2] At a peremptory calendar call on July 1, 2019, the trial court dismissed the action without prejudice based on McWilliams's failure to serve Parker. On December 11, 2019, less than six months after dismissal of the original action, McWilliams filed the present renewal action, serving Parker later that month.

Parker subsequently moved to dismiss the complaint, arguing that the renewal action was invalid because the original action was void due to McWilliams's failure to perfect service of process. McWilliams countered that the complaint was filed within the six-month renewal period allowed by OCGA § 9-2-61 (a). Following a hearing, the trial court dismissed the renewal action, finding that the original complaint was void since service was not perfected, and, therefore, OCGA § 9-2-61 (a) did not apply. McWilliams appeals this ruling.

"We review the trial court's ruling on a motion to dismiss under the de novo standard of review." *Durland v. Colotl*, 359 Ga. App. 170, 172 (1) (855 SE2d 83) (2021) (citation and punctuation omitted). As a threshold matter, OCGA § 9-2-61 (a) provides as follows:

---

[2] The applicable statute of limitation expired on Monday, September 18, 2017. See OCGA §§ 9-3-33 (establishing a two-year statute of limitation for actions for personal injuries); 1-3-1 (d) (3) (when the expiration of a period of time measured in years falls on a weekend, the party shall have through the following Monday to meet the deadline).

> When any case has been commenced . . . within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced . . . either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later . . . ; provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.[3]

According to McWilliams, the renewal statute applies in this case because even though Parker was not served in the original action, the original action was "commenced" within the applicable statute of limitation. He points to OCGA § 9-11-3 (a), which provides that "[a] civil action is commenced by filing a complaint with the court." McWilliams's argument, however, is unavailing.

It is well settled that "[a] suit commences only after the filing of a petition and the proper service of process upon the defendant as required and authorized by law." *Thorburn Co. v. Allied Media of Ga.*, 237 Ga. App. 800, 802 (1) (516 SE2d 833) (1999). See also OCGA §§ 9-11-3 (commencement of action), 9-11-4 (c), (d), (e)

---

[3] Although the statute speaks in terms of the plaintiff discontinuing or dismissing the original action, this Court also has applied the renewal statute to cases identical to this one – where the trial court dismissed the original action based on a failure to perfect service. See, e.g., *Baxley v. Baldwin*, 287 Ga. App. 245, 245 (1) (651 SE2d 172) (2007); *McClendon v. Kroger Co.*, 279 Ga. App. 417, 417-419 (631 SE2d 461) (2006).

(service of process). Once service has been perfected, the service relates back to the date of filing, which establishes the date the action is commenced. *McCallister v. Knowles*, 302 Ga. App. 392, 393 (691 SE2d 280) (2010). "If service is never perfected and is not waived, the court does not acquire jurisdiction over the defendant and the suit is void, since the filing of a complaint without perfecting service does not constitute a pending suit." *Thorburn*, 237 Ga. App. at 802 (1) (citations and punctuation omitted).

Specifically regarding the renewal statute, OCGA § 9-2-61 (a), the Supreme Court of Georgia has held that a suit is incapable of renewal if service was never perfected in the original suit because, as mentioned above, "the filing of a complaint without perfecting service does not constitute a pending suit." *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994). Likewise, this Court repeatedly has held that the renewal statute "applies only to actions that are valid prior to dismissal" and that an action is not valid if service was never perfected. *Alston v. Owners Ins. Co.*, __ Ga. App. __, __ (863 SE2d 397) (2021) (citation and punctuation omitted); accord *Durland*, 359 Ga. App. at 172 (1); *Jenkins v. Keown*, 351 Ga. App. 428, 430-431 (1) (830 SE2d 498) (2019); *Stephens v. Shields*, 271 Ga. App. 141, 142 (608 SE2d 736) (2004). Thus, contrary to McWilliams's argument that this Court's decisions

4

construing the renewal statute were wrongly decided because they contradict the plain language of OCGA § 9-11-3 (a), we are bound by the Supreme Court's language in *Hobbs* to the effect that "[t]he privilege of dismissal and renewal does not apply to . . . void cases" and that an "original suit is void if service was never perfected." 264 Ga. at 360. In fact, this Court imposed a frivolous appeal penalty against a plaintiff making a similar argument in *Baxley*, noting that Georgia law "is indisputably clear" on this issue. 287 Ga. App. at 246 (2).

Indeed, the case law is clear: because McWilliams "did not serve [Parker] in the original suit prior to dismissal, [he] cannot utilize the renewal statute to avoid the statute of limitation bar to [his] second suit." *Hudson v. Mehaffey*, 239 Ga. App. 705, 706 (521 SE2d 838) (1999); accord *Alston*, __ Ga. App. at __; *Stephens*, 271 Ga. App. at 142. Accordingly, "the trial court correctly ruled that [this] case[] could not be renewed under OCGA § 9-2-61 (a) outside the statute of limitation because the action[ was] not made 'valid' through service before [it was] dismissed." *Alston*, _ Ga. App. at __. See *Stephens*, 271 Ga. App. at 142.

*Judgment affirmed. Rickman, C. J., and McFadden, P. J., concur.*