## MATHEWS & COMPANY *v.* BISHOP.

1. That part of the pleading act of 1895 (Civil Code, § 5069 et seq.) which deals with the subject of defaults relates merely to simple defaults, and has no application to final judgments, whether they be rendered by the court or entered up on verdicts in cases "in default."

2. A judgment will not be vacated at the instance of the defendant upon the ground that the plaintiff, prior to the judgment and in consideration of the settlement of his cause of action, verbally agreed to dismiss his suit, and for this reason the defendant failed to appear and plead at the proper time, where the plaintiff denies such settlement and agreement.

Argued December 13, 1898. — Decided March 4, 1899.

Motion to set aside judgment. Before Judge Reid. City court of Atlanta. March term, 1898.

*W. W. Davies* and *C. L. Pettigrew*, for plaintiffs in error.
*Walter R. Brown,* contra.

FISH, J. Bishop sued W. A. Mathews & Co. on account, in the city court of Atlanta, and Mathews was personally served. Upon the call of the case in its order for trial at the first term, there being no appearance for the defendant and no plea or answer filed, verdict and judgment were rendered against the defendant for the amount of the account. Judgment was also entered up against the surety on defendant's bond to dissolve a garnishment based upon the suit. On the next day, and during the term, Mathews & Co., having paid the costs, filed

a petition praying the court "to open the default, and to set aside the verdict and judgment and allow defendant to demur or plead in the case." The allegations of the petition were, in substance, that, prior to the term at which the verdict and judgment were rendered, W. A. Mathews, in company with Davies, attorney for defendants, had a conference with plaintiff, at which an agreement was reached as to the settlement of certain matters of account between the parties, the understanding of Mathews and defendants' attorney being that the settlement included the account sued on; and that it was further agreed, at this conference, that the plaintiff's suit should be dismissed. The petition also alleged that defendants had a meritorious defense to plaintiff's suit, viz., "that the fixtures sued for in the case were sold by Bishop to said Mathews several months prior to the filing of this case, and that the fixtures thus came into the possession of Mathews, and were paid for in the general payment for the assets, stock, etc., of the Snow, Church & Co." A rule nisi was granted, calling upon Bishop to show cause why the prayers of the petition should not be granted. He answered, denying that there ever had been any settlement of his account against Mathews & Co., or any agreement to dismiss his suit, and also denying the truth of the plea which the defendants asked leave to file. Upon the hearing the court passed the following order: "After hearing evidence and argument in said cause, the petition is denied and the fi. fa. allowed to proceed." To the granting of this order Mathews & Co. excepted.

1. Counsel for plaintiffs in error contend that they should have been allowed to open the default, upon payment of the cost, under the act of 1895 as codified in sections 5069 et seq. of the Civil Code. We do not think so. Even if the provisions of that act as to defaults be applicable to courts like the ·city court of Atlanta, where the first term is the trial term, such provisions manifestly relate only to simple defaults, that is, entries of "in default" made upon the call of the appearance docket in pursuance of the terms of the act, and have no reference to final judgments rendered by the court, or entered up ·on verdicts in cases where the defendant has filed no defense.

2. The petition filed by Mathews & Co. sought to vacate the

judgment against them, because it was obtained in violation of an alleged agreement of plaintiff with defendants to dismiss his suit. In answer to the petition, plaintiff denied that he had ever made such agreement, and averred that "such agreement set up by Mathews & Co. should have been in writing, and for this reason can not be enforced by the court." It does not appear from the record that there was any such written agreement. Had defendants been in court when the case was called, and, relying on this alleged verbal agreement, moved to dismiss plaintiff's case, and had the plaintiff denied that any such agreement had been made, the motion to dismiss should have been overruled, because no agreement between attorneys or parties will be enforced by the court, when denied by the opposite party, unless it be in writing and signed by the parties. Civil Code, § 5651. As the trial judge could not have enforced such verbal agreement prior to the judgment, he was not authorized, because of the violation of the agreement, to vacate the judgment. See *Exchange Bank* v. *Elkan*, 72 *Ga.* 197. It matters not what defense defendants may have had to plaintiff's action, if they had no valid excuse for failing to appear and plead at the proper time. There was no error in refusing to vacate the judgment.

*Judgment affirmed. All the Justices concurring.*