40203. PARKER v. BRANAN.

RUSSELL, Judge. 1. *Code Ann.* § 110-404 refers to opening defaults before final judgment, and has no application where a final judgment has in fact been entered. *Burger v. Dobbs,* 87 Ga. App. 88, 90 (73 SE2d 75).

2. Under *Code Ann.* § 110-401 the right of the defendant to open a default judgment within 15 days after the appearance day upon payment of costs is absolute; any judgment entered prior thereto is premature and must be set aside where a proper motion is made and the costs paid within such 15 day period. *Potts v. Smith Grain Co.,* 99 Ga. App. 270, 274 (108 SE2d 285)·

3. Parker, the defendant, failed to file any defenses prior to the default judgment entered against him on the 31st day after service, or within the 15 day period allowed for the opening of defaults. On the 21st day he moved to set aside the default judgment and be allowed to file his defenses, and he paid the accrued costs. His contention is that the premature entry of the judgment tolled the running of the 15 days, and that he is entitled to 15 days after the judgment was set aside, whereas the trial court, in the same order in which he set aside the first judgment, expressed the opinion that no right existed to open the default at that stage since no providential cause had been shown, but instead entered up a second default judgment in all respects similar to the first, after striking the answer and defensive pleadings filed during the interim period. The fact that the latter order is dated five weeks after the filing of the motion is of no significance, since a default does not run while the motion to set aside is under consideration by the judge. *Averback v. Spivey,* 122 Ga. 18 (4) (49 SE 748). But

230 the 15 days in which to open the default (whether or not the procedure also involves setting aside a judgment prematurely entered) is not affected by the entry of a judgment. As was pointed out in *Potts, supra:* "If the motion in this case had been made from one to three terms after the default term, the judgment of this court would certainly be different, but in this case the motion to set aside was made within 15 days . . . which is a period given to the defendant to open such a judgment as a matter of right." P. 276. The motion in the present case was actually made at the same term of court but after the expiration of 15 days from the appearance day and thereafter at a time when the defendant could not as a matter of right file defensive pleadings. When the court set aside the original judgment, *Code Ann.* § 110-404 came into play for the first time, and the trial court might then have allowed the default to be opened for providential cause or excusable neglect. At that point he properly found that "the motion filed by the defendant and the evidence in support thereof failed to provide the court with any legal ground upon which to exercise its discretion in opening the default."

There was no error, after setting aside the first judgment, in entering a second default judgment, since the defendant failed to show either that he was entitled to open the default as a matter of right or that the court's refusal to allow him to do so was an abuse of discretion.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

DECIDED JULY 8, 1963—REHEARING DENIED JULY 23, 1963.

*Frank G. Wilson, Carl J. Wilson, Jr.,* for plaintiff in error.
*John M. Hancock, Jr.,* contra.