43675. GOLDEN STAR, INC. v. BROYLES INSURANCE AGENCY, INC.

QUILLIAN, Judge. Broyles Insurance Agency, Inc. obtained a judgment against H. P. Flanders in the Civil and Criminal Court of Clayton County at its March term 1966. Thereafter, the plaintiff issued a summons of garnishment from the Civil Court of Fulton County against Golden Star, Inc., the appellant here, based upon an affidavit and bond for garnishment, which summons was served upon Eugene V. Starr, an officer of Golden Star, Inc., on November 15, 1967. Appellant failed to answer said garnishment within the time required by law.

On February 9, 1968, judgment was entered against the appellant. Thereafter, during the same term of court at which said judgment was rendered, appellant filed a motion to set aside the judgment.

In substance, appellant's grounds to set aside the judgment were: "(a) Appellant's failure to answer said summons of garnishment was predicated upon the fact that it had never employed, contracted with, had any dealings with, or had any property or effects of, H. P. Flanders, and that the said H. P. Flanders was, and is, unknown to Eugene V. Starr, the officer of the appellant upon whom the summons of garnishment was served; (b) that the appellee issued said summons of garnishment

without probable cause in that it had no reason to believe that the said H. P. Flanders was employed by the appellant or that the appellant was holding any funds or property of H. P. Flanders; (c) that the issuance by the appellee of said summons was without probable cause to the extent that it constitutes a malicious abuse of process; and (d) if appellant were negligent in the premises, said negligence is excusable by reason of the foregoing grounds."

The appellee moved that the motion to set aside the judgment be dismissed. The trial judge sustained the motion to dismiss. The appellant appealed and the case is here for review. *Held:*

*Code Ann.* § 81A-160 (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 239, 240) sets forth the three methods of attacking a judgment: (1) motion for new trial; (2) motion to set aside and (3) complaint in equity. The Code section provides that: a motion for a new trial must be predicated upon some extrinsic defect which does not appear on the face of the record or pleading; a motion to set aside must be predicated upon some nonamendable defect which does appear upon the face of the pleading or record; a complaint in equity must be based on fraud, accident or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant.

In the case sub judice the motion to set aside was not based on any nonamendable defect appearing on the face of the record or pleadings and the trial judge did not err in dismissing the motion.

The appellant contends that the failure to answer the summons of garnishment was the result of excusable neglect. While *Code Ann.* § 81A-155 (Ga. L. 1966, pp. 609, 659; 1967, pp. 226, 238) provides that the court may allow a default to be opened for excusable neglect, this provision only applies prior to final judgment.

> *Judgment affirmed. Bell, P. J., and Hall, J., concur.*
>
> SUBMITTED JUNE 4, 1968—DECIDED JUNE 26, 1968.

*Archer, Patrick & Sidener, James H. Archer, Jr., Howell W. Ragsdale, Jr.,* for appellant.

*Orville G. Harrington, Louis D. Yancey, Jr.,* for appellee.