44911. BARRETT v. ASBELL et al.

Evans, Judge. This case involves a petition to set aside an adoption proceeding in the lower court in which it is alleged

that there was a failure to perfect service upon the mother by publication, and that there was no judicial determination that she had abandoned her minor children as alleged in the petition. The petition also alleges that the plaintiff's husband and the natural father of the children perpetrated a fraud on the court by falsely "stating plaintiff had abandoned her children and failed to inform the court of plaintiff's whereabouts." The case has been transferred to this court on September 9, 1969, by the Supreme Court of Georgia where this appeal was originally filed, said order, in effect, reciting that the Court of Appeals had jurisdiction of this case. *Held:*

1. The transfer of this case to this court by the Supreme Court is a determination that the petition is without equity.

2. The petition having attached thereto a copy of the adoption proceedings in the lower court entered on the 14th day of January, 1967, and the lower court having ordered service by publication upon the mother whose address was alleged to be unknown, and that service be perfected by publication once a week for 4 weeks in the official organ of said county, in accordance with *Code Ann.* § 74-408 (Ga. L. 1941, pp. 300, 302; 1966, pp. 212, 213), and there being evidence attached thereto that service by publication was accomplished in accordance with the above law, the petition is fatally defective in failing to allege grounds for the relief sought. The petition shows on its face that service was perfected upon the mother by publication. "The complaint is . . . a motion to set aside and not a complaint in equity." *Barrett v. Asbell,* 225 Ga. 521 (169 SE2d 779). The judgment may be set aside only for a defect appearing "on the face of the record" and "it is not sufficient that the complaint or other pleading fails to state a claim upon which relief can be granted, but the pleadings must affirmatively show that no claim in fact existed." The adoption petition is adequate, so the motion must fail. *Golden Star, Inc. v. Broyles Ins. Agency,* 118 Ga. App. 95 (162 SE2d 756). Accordingly, the court did not err in dismissing this complaint. The enumeration of error complaining of the sustaining of the motion to dismiss is not meritorious.

3. The case of *Brazell v. Anderson,* 112 Ga. App. 15 (146 SE2d 921), cited in support of the appellant wherein it was held there was no abandonment by the mother was a case review-

ing the evidence heard in the court below, hence that case is not applicable on its facts to the issue in this one.

*Judgment affirmed. Hall, P. J., and Deen, J., concur.*

SUBMITTED JANUARY 12, 1970—DECIDED JANUARY 27, 1970—
REHEARING DENIED FEBRUARY 26, 1970.

*Brackett, Lyle & Arnall, William F. Brackett, David J. Turner, Jr.,* for appellant.

*H. B. Edwards, Jr., H. B. Edwards, III,* for appellees.

ON MOTION FOR REHEARING.

The motion argues that the court overlooked the fact that at the time the petition for adoption was filed on January 14, 1967, the provision for service by publication was non-existent. It is true that the adoption law was changed in 1966, "so as to remove the provisions relating to interlocutory hearings," and to change the waiting period (Ga. L. 1966, pp. 212, 215); and in thus amending the law, a hiatus was created in the law when notice by publication was inadvertently left out of the law, as amended. The petition for adoption was filed on January 14, 1967, and service by publication was ordered on this date. On February 21, 1967, service by publication was again permitted by statute in adoption cases (Ga. L. 1967, pp. 6, 7). The record in the case at bar shows a certificate of the publisher of The Valdosta Daily Times that "Notice of Publication . . . has been published once a week for four weeks . . . ," dated February 11, 1967. Thereafter, the General Assembly authorized service by publication, and on April 14, 1967, after the law was amended to again authorize service by publication, the court rendered an order that it appears that the natural mother resided without the limits of the State of Georgia, and whose address was unknown, "has been ordered served and served, all as the law in such cases provides," and further ordered that "the evidence of such service be preserved by entering this order upon the minutes of the court." This order speaks with verity, and under *Code* § 81-208, it was the duty of the court to determine if service had been properly perfected, and "to write an order

to that effect" which was done in this instance. The service was proper and provided by law when determined by the judge, who is presumed to have performed his official duty. See *Bingham v. Citizens & Southern Nat. Bank,* 205 Ga. 285, 287 (53 SE2d 228); *Steele v. Steele,* 203 Ga. 505, 508′ (46 SE2d 924). No showing is here made that he exceeded his authority.

Notice to the parent is an essential prerequisite to a decree of adoption cutting off his rights. *Carpenter v. Forshee,* 103 Ga. App. 758 (120 SE2d 786). Due notice was given, or presumed to be given, under the order of the court. The legislation adopted in February, 1967, after the adoption proceeding was filed in January and after the order for service by publication, was procedural and remedial in character. It should be liberally construed and applied to pending as well as future suits. *Studstill v. Aetna Cas. &c. Co.,* 101 Ga. App. 766 (115 SE2d 374); *Scott v. Oxford,* 105 Ga. App. 301 (124 SE2d 420). Accordingly, we cannot say that the record shows improper service by publication even if the suit was pending, and service by publication ordered prior to the permissive legislation by the General Assembly of such service in adoption cases. We adhere to our judgment.

*Rehearing denied.*