## 47448. SOUTHEAST CERAMICS, INC. v. ERVIN COMPANY.

PANNELL, Judge. Upon failure of a garnishee to answer within the time required, a judgment was taken by the plaintiff in fi. fa. in the Civil Court of Fulton County against the garnishee for the full amount of the judgment against the defendant in fi. fa. The garnishee, within the time provided, filed its motion to modify the judgment under *Code* § 46-406, as amended by the Act of 1970 (Ga. L. 1970, pp. 724, 725; *Code Ann.* § 46-406) which provides that: " . . . on motion not later than one year from the date any judgment so obtained is recorded on the General Execution Docket, garnishee or sureties or both may have the judgment against them modified so that the amount of the judgment shall be changed to 125 percent of the amount by which garnishee was indebted to defendant from the time of service of summons of garnishment through and including the last day on which a timely answer could have been made and for all property, money or effects belonging to the defendant which have come into garnishee's hands from the time of service of the summons through and including the last day on which a timely answer could have been made, and in the case of garnishment of wages, less any exemption allowed the defendant by law: Provided, however, the amount of the judgment shall not be reduced below an amount equal to 15 percent of the principal amount of the judgment against the defendant: Provided, further, that on the trial of the motion, the burden of proof shall be upon the movant." The trial judge granted

the motion and entered a judgment in accordance with this Code Section based on the amount of the indebtedness, as shown by the uncontradicted evidence offered by the garnishee. Plaintiff in fi. fa. appealed to this court contending that the burden of proof placed upon the garnishee by the above Code Section, required the garnishee to show good cause for failure to file the answer prior to the default, or within the time required by the law. No complaint is made as to the sufficiency or form of the evidence submitted or as to the rendition of the judgment by the court without a trial by jury. *Held:*

1. In the Civil Court of Fulton County where the amount involved is $300 or more, "the rules of practice and procedure in such cases shall be in conformity with the pleadings and the Rules of Practice and Procedure now in force or which may hereafter be put in force in the Superior Courts of the State of Georgia. . ." Section 1 of the Act approved March 10, 1970 (Ga. L. 1970, pp. 2446, 2447) amending the Act approved August 20, 1913 (Ga. L. 1913, p. 145) as amended.

2. *Code* § 8-506 provides that "In the superior court, judgment by default shall issue in the same manner as now or hereafter provided by the laws relating to ordinary civil actions." Section 55 of the Civil Practice Act (Ga. L. 1966, pp. 609, 659; *Code Ann.* § 81A-155) providing for the opening of defaults upon the showing therein required has no application to motions to set aside or modify judgments. *Golden Star v. Broyles Ins. Agency,* 118 Ga. App. 95 (162 SE2d 756). While prior to the Civil Practice Act, it was permissible to set aside a judgment and open a default in garnishment cases for a good cause shown (*Potts v. Smith Grain Co.,* 99 Ga. App. 270 (3) (108 SE2d 285)), it has been held that under the Civil Practice Act a motion to set aside a judgment, other than in equity, lies only where there is a non-amendable defect appearing upon the face of the record or pleadings. *Golden Star v. Broyles Ins. Agency,* 118 Ga. App. 95, 96, supra. However, irrespective of whether a judgment may

or may not be now set aside for providential cause or excusable neglect, or other reasons, there was no burden here upon the garnishee to allege or prove such grounds. The statute is clear. It does not require any reason to be shown for the failure to answer originally as required by law, but in lieu thereof, exacts a penalty of 25% upon the amount shown as owed by the garnishee to the defendant in fi. fa., and the amount of the judgment can never be reduced below 15% of the principal amount of plaintiff in fi. fa.'s judgment against the defendant. The only proof required of the garnishee is to show it owed the defendant a lesser sum, or value of property or effects, than the amount of the judgment rendered on default. The trial judge did not err in modifying the judgment for the reasons assigned.

*Judgment affirmed. Hall, P. J., and Quillian, J., concur.*
ARGUED SEPTEMBER 11, 1972—DECIDED OCTOBER 17, 1972.

*Neil L. Heimanson,* for appellant.
*Cofer, Beauchamp & Hawes, Peyton S. Hawes, Jr., Randall B. Scoggins,* for appellee.