48433. JOHNSON v. COOK.

QUILLIAN, Judge. This appeal was taken from the overruling of the defendant's motion to set aside a judgment which was rendered against him. The plaintiff brought suit in the Civil Court of Fulton County seeking to recover the sum of $790.50 against the defendant. Subsequently, the case came on for trial before a judge without a jury who entered a judgment which recited: "After hearing evidence it is considered, ordered and adjudged that the plaintiff recover from the defendant the principal sum of $790.50." Neither the defendant nor his counsel appeared at

the call of the case or during the trial thereof.

The defendant in the motion contended that he had a valid defense to the action and offered excuses as to why his counsel overlooked the case on the calendar which was published in the Fulton County Daily Report. It is also urged that the defendant filed an answer to the complaint but such answer was at some point in time lost or misplaced. *Held:*

1. Our new provisions with regard to default judgments contained in Section 55 of the Civil Practice Act (Code Ann. § 81A-155; Ga. L. 1966, pp. 609, 659; 1967, pp. 226, 238) are substantial restatements of former Code Ann. § 110-401 et seq. (Ga. L. 1946, pp. 761, 777; 1952, p. 195; 1953, Nov. Sess., pp. 440, 451; 1962, pp. 687, 688). See *Georgia Farm Bureau Ins. Co. v. Williamson,* 124 Ga. App. 549, 550 (184 SE2d 665). As pointed out in the former Code Sections, there is a distinct difference between the rights of the defendant after default and after a final judgment has been rendered. After a final judgment, Code Ann. § 110-404 (Ga. L. 1946, pp. 761, 778) (allowing a default to be opened prior to final judgment for providential cause or excusable neglect or in "a proper case") no longer applied. *Burger v. Dobbs,* 87 Ga. App. 88, 90 (73 SE2d 75); *Parker v. Branan,* 108 Ga. App. 229 (132 SE2d 556); *Mathews & Co. v. Bishop,* 106 Ga. 564 (1) (32 SE 631).

The applicability of the distinction above mentioned has been set forth in decisions considering Section 55 (b) of the Civil Practice Act (Code Ann. § 81A-155 (b); Ga. L. 1966, pp. 609, 659; 1967, pp. 226, 238). *Golden Star, Inc. v. Broyles Ins. Agency,* 118 Ga. App. 95 (162 SE2d 756); *Southeast Ceramics, Inc. v. Ervin Co.,* 127 Ga. App. 346, 347 (193 SE2d 262).

The instant motion was brought after final judgment. Hence, the question of excusable neglect is not before us, and it is not necessary to rule upon this point.

2. Any question with regard to the "missing answer" is not relevant here since the defendant and his counsel failed to appear at the call for trial. In *Ga. Farm Bureau Ins. Co. v. Williamson,* 124 Ga. App. 549 (3), supra, it was held: "The amendment (Ga. L. 1962, pp. 687, 688) to former Code § 110-401 relating to default judgments rendered that section substantially identical to the present § 81A-155 (b). Under the former, this court held in *Rakestraw v. Hamby,* 115 Ga. App. 868 (156 SE2d 308), that while *the court might have stricken the defendant's answer and entered a default judgment against him upon his failure to appear when the case was called for trial,* it was not reversible error for the

court to allow the plaintiff to submit evidence to the jury, the jury returning a verdict in the amount sued for. In the present case the court, after striking the defendant's pleadings, in like manner allowed the plaintiff to submit evidence to the jury as to the liability of the defendant insurance company for a fire loss in which the plaintiff was the insured. At the conclusion of the evidence however, the judge directed a verdict in favor of the plaintiff for the amount sued for as shown on the face of the policy, not including other amounts which the plaintiff sought in addition thereto. Code Ann. § 81A-155 specifies that suits ex contractu for unliquidated damages which are in default shall be tried by the court without a jury. The court in directing a verdict effectively eliminated a jury decision, and the result was the same as though he had heard the case without a jury in the first instance. No reversible error appears here." (Emphasis supplied.)

3. As pointed out in Division 1, after entry of final judgment an attack must be made by one of the means prescribed in Section 60 of the Civil Practice Act (Code Ann. § 81A-160; Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240). In order to set aside the judgment there must be a defect appearing on the face of the record, and "it is not sufficient that the complaint or other pleading fails to state a claim upon which relief can be granted, but the pleadings must affirmatively show that no claim in fact existed." Section 60 (d) of the Civil Practice Act, supra. *Barrett v. Asbell,* 121 Ga. App. 269 (2) (173 SE2d 735). Thus, here there is no basis to set aside the judgment rendered. *Jordan v. Plott,* 121 Ga. App. 727 (1) (175 SE2d 148).

The trial judge properly overruled the motion to set aside the judgment.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*

ARGUED SEPTEMBER 10, 1973 — DECIDED JANUARY 10, 1974.

*Wyman C. Lowe,* for appellant.
*Curtis M. Cook,* for appellee.