A89A1183. CAMELBACK MANAGEMENT COMPANY, INC.
v. PHOENIX PERIODICALS, INC.
(383 SE2d 651)

BANKE, Presiding Judge.

This is an appeal from a default judgment entered against the appellant in an action brought by the appellee to collect an alleged indebtedness for advertising services. The complaint was filed on Feb-

ruary 25, 1988, and the appellant was served with process on February 26, 1988. Pursuant to a written stipulation filed with the court on March 25, 1988, the parties extended the time in which the answer was required to be filed through April 26, 1988. The appellant did not file an answer on or before that date but did file an answer on May 11, 1988, accompanied by payment of costs. On January 9, 1989, the trial court entered a nunc pro tunc order granting a default judgment to the appellee, based on a determination that the appellant had failed either to pay the required costs or to file a motion to open the default. This appeal followed. *Held*:

1. The appellee has moved to dismiss the appeal based on the appellant's failure to file a motion in the trial court seeking to set aside the default judgment. No such motion was required under the circumstances. The entry of the default judgment constituted a final judgment in the case and was thus directly appealable pursuant to OCGA § 5-6-34 (a) (1). See *Dempsey v. Ellington*, 125 Ga. App. 707 (1) (188 SE2d 908) (1972). Accord *Swindell v. Swindell*, 233 Ga. 854 (213 SE2d 697) (1975). Compare *Holloway v. McMichael*, 151 Ga. App. 802 (261 SE2d 747) (1979) (holding that a default judgment is not directly appealable where damages are unliquidated and remain to be determined by a jury). The motion to dismiss the appeal is accordingly denied.

2. The record before us contains the unopposed affidavit of the clerk of the lower court "that on May 11, 1988, all outstanding court costs in the sum of $37.00 were paid by the [appellant] for the purpose of opening the default." It is thus apparent without dispute that, contrary to the finding made by the trial court, the appellant did in fact pay the required costs at the time it filed its answer.

3. Pursuant to OCGA § 9-11-55 (a), a default "may be opened as a matter of right by the filing of [an answer] within 15 days of the day of default, upon the payment of costs." Since the statute allows the default to be opened as a "matter of right" under such circumstances, it was unnecessary for the appellant to file a motion with the court seeking permission to open the default and to file defensive pleadings. Accord *Whitsett v. Hester-Bowman Enterprises*, 94 Ga. App. 78 (1), 79-80 (93 SE2d 788) (1956), and *Parker v. Branan*, 108 Ga. App. 229 (2) (132 SE2d 556) (1963) (both of which were decided under the predecessor to the present statute, former Code § 110-401).

4. For the above reasons, we hold that the trial court erred in entering the default judgment. See generally *Pettus v. Smith*, 174 Ga. App. 587, 589 (330 SE2d 735) (1985), citing *Hardin v. Wright*, 172 Ga. App. 644 (323 SE2d 918) (1984). The appellee's motion for the imposition of sanctions against the appellant for filing a frivolous appeal is necessarily denied.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED JUNE 22, 1989.

*Vincent, Chorey, Taylor & Feil, John L. Taylor, Jr., Elizabeth E. Anderson*, for appellant.

*Fox & Cohn, Jeffrey H. Brickman, Pamela D. Adler, George M. Fox*, for appellee.