## A11A0929, A11A0930. FLOREZ et al. v. STATE OF GEORGIA
### (two cases).
(715 SE2d 782)

ADAMS, Judge.

The appellants in this civil RICO action, OCGA § 16-14-1 et seq., appeal entry of default judgment against them, and, in a separate

---

[1] 304 Ga. App. 203 (695 SE2d 654) (2010).

[2] 289 Ga. 579 (714 SE2d 581) (2011).

[3] Id.

appeal, they appeal subsequent orders entered in connection with ensuing collection efforts.

The record shows that on July 8, 2010, the State of Georgia filed a civil RICO action against Raymond Florez III, Gabriel Florez, EZ Pay Auto, Inc., and Club Silverado, alleging that they engaged in racketeering activity, including drug distribution and money laundering. The complaint also identified as in rem defendants certain property allegedly obtained in connection with those activities. On July 15, each defendant was served with a copy of the complaint and a summons. Each proof of service was filed in the Superior Court of Toombs County on July 26. On September 1, 2010, the State of Georgia moved for and was granted default judgment against all defendants on the ground that no defensive pleadings had been filed at that time.

## Case No. A11A0929

1. In response to the default judgment, the appellants did not move to open the default in the Superior Court. Rather, on September 9, 2010, they filed a notice of appeal. They contend on appeal that the trial court entered judgment on the default prematurely and that therefore they did not have to take action in the trial court. Although they are correct on the first point, they are incorrect on the latter.

(a) The appellants' first argument is based on an important change in the law regarding filing the return of service of process that went into effect shortly before this action was filed. Georgia law provides that a defendant must serve an answer within 30 days after the service of the summons and complaint "unless otherwise provided by statute." OCGA § 9-11-12 (a). Effective July 1, 2010,[1] OCGA § 9-11-4 (h) was amended to provide that proof of service be filed within five days of service and that, if proof is not filed in that time, "the time for the party served to answer the process shall not begin to run until such proof of service is filed." See Ga. L. 2010, p. 825, § 4. Thus, in this case, the defendants had 30 days from July 26, 2010, in which to file their answer, or August 25, 2010.

The appellants did not file by that date, but under the statute governing default procedures, the appellants then had 15 days, or until September 9, 2010, in which to open default as a matter of right by filing defenses and paying costs. OCGA § 9-11-55. The trial court, however, entered default judgment on September 1. Two cases from

---

[1] OCGA § 1-3-4 (a) (1) ("Unless a different effective date is specified in an Act . . . [a]ny Act which is approved by the Governor or which becomes law without his approval on or after the first day of January and prior to the first day of July of a calendar year shall become effective on the first day of July. . . .").

1959 and 1963 address these circumstances, and the key provisions of the law regarding default judgments have not materially changed. Therefore the cases are controlling.

This Court held in 1959 that until the 15-day period expires, a judgment entered on the default is premature. *Potts v. Smith Grain Co.*, 99 Ga. App. 270, 273 (1) (108 SE2d 285) (1959). The court highlighted aspects of Code Ann. § 110-401, one of the Code sections governing default at that time:

> If any case is not answered on or before its appearance day, such case shall automatically become in default unless the time has been extended as provided by law. The default may be opened as a matter of right by the filing of such defenses within 15 days after the appearance day, upon the payment of costs. If the case is still in default *after the expiration of such period of 15 days*, the plaintiff, *at any time thereafter*, shall be entitled to verdict and judgment by default.

(Emphasis in original.) Id. at 272 (1). Relying on this language, the court held that any judgment entered on the default prior to the end of the 15-day period was premature. Id. at 273 (1).[2] The relevant language of the statute governing default judgments has not changed since that time.[3]

In *Potts*, the trial court had entered judgment on the first day of the 15-day period, and on the eighth day of the period, the defendant filed a motion to vacate the judgment along with a statement of a meritorious defense; the court also concluded that costs had been paid. Id. at 271, 273 (2). This Court addressed whether the 15-day period continued to run after the premature judgment. We held that, despite the premature judgment, "the defendant on motion made within such 15-day period had an absolute right to have it set aside

---

[2] Although the Court also relied on language found in Code Ann. § 110-406, which was repealed in 1962, Ga. L. 1962, p. 687, § 2, the language therein merely reenforced the timing, i.e., that "the period allowed by law for opening defaults as a matter of right" had to have expired before the trial court could take certain further action. See *Potts*, 99 Ga. App. at 272 (1).

[3] The current law provides:

> If in any case an answer has not been filed within the time required by this chapter, the case shall automatically become in default unless the time for filing the answer has been extended as provided by law. The default may be opened as a matter of right by the filing of such defenses within 15 days of the day of default, upon the payment of costs. If the case is still in default *after the expiration of the period of 15 days*, the plaintiff *at any time thereafter* shall be entitled to verdict and judgment by default . . . .

OCGA § 9-11-55 (a) (emphasis supplied). See also *Electro-Kinetics Corp. v. Wilson*, 122 Ga. App. 171 (176 SE2d 604) (1970) (language of Code Ann. § 81A-155 relating to automatic default substantially same as former practice of superior courts, citing Code Ann. § 110-401).

and the default opened[,] provided he paid the costs and set out a meritorious defense." Id. at 273 (1), 277 (5) ("On Motion for Rehearing").

In 1963, this Court followed *Potts* and added that any such premature judgment could be set aside upon proper motion:

> [T]he right of the defendant to open a default judgment within 15 days after the appearance day upon payment of costs is absolute; any judgment entered prior thereto is premature and must be set aside where a proper motion is made and the costs paid within such 15 day period.

*Parker v. Branan*, 108 Ga. App. 229 (2) (132 SE2d 556) (1963). In *Parker*, the defendant failed to take any action within the 15-day period, even though a premature judgment had been entered during that time. Id. Outside of that period, the defendant moved to set aside. Id. The trial court set aside the premature judgment but reentered the judgment because the defendant had not taken any action in the 15-day period nor shown providential cause or excusable neglect. Id. The court explained that the running of the 15-day period is not affected by entry of a premature judgment; a defendant must act during that period in order to open such a judgment as a matter of right. Id. at 230 (3).

We conclude that the law has consistently provided that defendants, such as the appellants herein, have the full 15-day period following default in which to open default as a matter of right by filing defenses and paying costs, even if a court has entered judgment on the default prematurely. For the appellants herein, the statutory period ran through September 9, 2010; the appellants filed their notice of appeal on that day instead of filing an answer and paying costs.

(b) The appellants argue that they did not have to take any action in the trial court because entry of a default judgment is a final judgment and directly appealable. They rely on *Brock Built City Neighborhoods, LLC v. Century Fire Protection, LLC*, 295 Ga. App. 205, 206, n. 1 (671 SE2d 240) (2008), and *Camelback Mgmt. Co. v. Phoenix Periodicals*, 192 Ga. App. 101, 102 (1) (383 SE2d 651) (1989). But those cases address the question of whether this Court has *jurisdiction of an appeal* of a default judgment when a defendant has not moved to set aside the judgment below. See *Camelback*, 192 Ga. App. at 102 (this Court had jurisdiction of appeal of entry of default judgment even though no motion to set aside the default judgment had been filed in the trial court; defendant had filed an answer and paid costs within the 15-day period for opening default as a matter of right); *Brock Built*, 295 Ga. App. at 206, n. 1 (in a case not

involving the 15-day period, this Court had jurisdiction of the appeal of a default judgment even though the defendant had not moved to set aside the default). The question of whether the appellant herein properly attempted to open default as a matter of right within the 15-day period is a separate issue.

(c) Next, although the filing of the notice of appeal deprived the trial court of jurisdiction to amend, alter or modify the default judgment, no such action was required of the trial court in order for the appellants to open default as a matter of right; rather, the appellants need have only filed an answer and paid costs in order to open default during the 15-day period.

"A notice of appeal divests the trial court of jurisdiction to supplement, amend, alter, or modify the judgment while the appeal of that judgment remains pending." *McLeod v. Clements*, 306 Ga. App. 355, 357 (2) (702 SE2d 638) (2010); see also OCGA § 5-6-46 (a). But the notice of appeal does not deprive the trial court of jurisdiction of "matters in the same case not affecting the judgment on appeal." (Citation and punctuation omitted.) *Davis v. Harpagon Co.*, 281 Ga. 250, 253 (8) (637 SE2d 1) (2006). Thus proceedings may continue in the trial court, including that the parties may file pleadings:

> "[The court] may conduct interlocutory matters, allow pleadings, and proceed with the trial of the case, subject to the peril that any decision reached which conflicts with the decision of the appellate court when rendered will thereby be made nugatory."

*Cohran v. Carlin*, 249 Ga. 510, 512 (291 SE2d 538) (1982), quoting with approval, *Southeastern Wholesale Furniture Co. v. Atlanta &c. Co.*, 84 Ga. App. 271, 276 (1) (a) (66 SE2d 68) (1951). An answer is a pleading. OCGA § 9-11-7 (a). And, in order to open default during the 15-day period, the appellants need only have filed their answer and paid costs, no court action was required:

> Since the statute allows the default to be opened as a "matter of right" under such circumstances, it was unnecessary for the appellant to file a motion with the court seeking permission to open the default and to file defensive pleadings.

*Camelback*, 192 Ga. App. at 102 (3) (motion to set aside unnecessary). Compare *Potts*, 99 Ga. App. at 271 (defendant filed a motion to vacate); *Parker*, 108 Ga. App. at 229 (defendant moved to set aside). Further, we find no authority for the proposition that the filing of a

notice of appeal tolls the 15-day period, and to do so in this case would have provided the appellants a much greater than 300-day period in which to open default as a matter of right.

(d) The appellants herein, however, never attempted to exercise their right to open default in the 15-day period, or even thereafter, as is shown by the record in the two appeals. The appellants therefore failed to timely open default as a matter of right, and accordingly they cannot show reversible error. Cf. *H. N. Real Estate Group, LLC v. Dixon*, 298 Ga. App. 124, 126 (679 SE2d 130) (2009) (plaintiff entitled to default judgment as a matter of law after the expiration of the 15-day period in which default may be opened as a matter of right where defendant did not move to open the default within the statutory time period).

(e) It does appear, however, that the premature entry of default judgment has deprived the appellants of an opportunity to open default after the running of the 15-day period by showing providential cause, excusable neglect or a proper case. OCGA § 9-11-55 (b); *Thomas v. Brown*, 308 Ga. App. 514, 516 (3) (707 SE2d 900) (2011). Based on the procedure followed by the trial court in *Parker v. Branan*, 108 Ga. App. 229 (2), we conclude that the premature judgment should be set aside but, upon remand, the trial court may either reenter judgment or entertain a proper motion to open default under OCGA § 9-11-55 (b).

### Case No. A11A0930

2. In a separate appeal, the appellants contend the trial court erred in its multiple orders entered on September 27, 2010 and thereafter, in which the court allowed the plaintiff to execute judgment on the multiple items of property identified as in rem defendants in the action. Their only argument is that the filing of the notice of appeal acted as a supersedeas that should have prevented the court from entering the orders. But on September 16, 2010, the court granted the appellee's motion for supersedeas bond. See OCGA § 5-6-46. The appellants argue that the trial court failed to file the order, but the file-stamped copy is found in the supplemental record. The appellants have failed to comply with the order to post supersedeas bond, therefore the appellee was free to enforce the judgment at its peril pending a decision on appeal. See *Biederbeck v. Marbut*, 294 Ga. App. 799, 800 (1) (670 SE2d 483) (2008) (failure to file supersedeas bond removes supersedeas feature of appeal); *Hawn v. Chastain*, 246 Ga. 723, 726 (273 SE2d 135) (1980) (appellee may proceed to enforce the judgment).

*Judgment vacated and case remanded with direction in Case No. A11A0929. Judgment affirmed in Case No. A11A0930. Barnes, P. J.,*

*and Blackwell, J., concur.*

DECIDED AUGUST 11, 2011 — 

*Stephen B. Taylor, Charles W. Brannon, Jr.*, for appellants.
*S. Hayward Altman, District Attorney, Andrew J. Ekonomou, Michael G. Lambros*, for appellees.