**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 24, 2017**

# In the Court of Appeals of Georgia

A17A0833. TSELIOS et al. v. SARSOUR.

BARNES, Presiding Judge.

Jad Sarsour brought this suit on a promissory note against Demetrios Tselios and George Tselios, seeking principal, interest, and attorney fees. Sarsour moved for summary judgment on his claim, and the trial court granted the motion, resulting in this appeal by the defendants.[1] As explained below, although the defendants failed to respond to Sarsour's motion, summary judgment cannot be entered against the nonmoving party by default, and Sarsour failed to make out a prima facie case for

---

[1] Sarsour did not file an appellee's brief as required by our rules. See Court of Appeals Rule 23 (b) ("Appellee's brief shall be due within 40 days after the appeal is docketed or 20 days after the filing of appellant's brief, whichever is later. Failure to timely file may result in non-consideration of the brief and may subject counsel to sanctions, including contempt. . . ."); Court of Appeals Rule 25 (b) (1) ("Failure [to respond to an appellant's statement of facts] shall constitute consent to a decision based on the appellant's statement of facts. Except as controverted, appellant's statement of facts may be accepted by this Court as true.").

recovery on the note. We therefore reverse the trial court's grant of summary judgment to Sarsour.

On appeal from the grant of summary judgment, we conduct a de novo review and construe the evidence in the light most favorable to the nonmoving party. *Barnett v. Atlanta Independent School System*, 339 Ga. App. 533, 533-534 (792 SE2d 474) (2016). So viewed, the evidence showed that in February 2016, Sarsour brought the present action against the defendants, alleging that they had executed a promissory note in his favor in the principal sum of $80,000 and had defaulted on the note. Sarsour sought recovery of principal, interest, and attorney fees. His complaint was not verified. The defendants answered that they were without sufficient knowledge or information to form a belief as to the allegations in the complaint and asserted several affirmative defenses.[2]

---

[2] Demetrios Tselios did not file an answer within 30 days of being served with the summons and complaint as required by OCGA § 9-11-12 (a), thereby causing the case against him automatically to become in default under OCGA § 9-11-55 (a). However, he thereafter filed an answer and paid court costs within the 15-day period for opening default as a matter of right. See OCGA § 9-11-55 (a) ("If in any case an answer has not been filed within the time required by this chapter, the case shall automatically become in default unless the time for filing the answer has been extended as provided by law. The default may be opened as a matter of right by the filing of such defenses within 15 days of the day of default, upon the payment of costs. . . ."); *Florez v. State*, 311 Ga. App. 378, 382 (1) (c) (715 SE2d 782) (2011) ("[T]o open default during the 15-day period, the appellants need only have filed their

Sarsour moved for summary judgment on his promissory note claim. He filed a brief in support of his motion, as well as a statement of material facts and theory of recovery to which the note and a demand letter were attached as exhibits. Sarsour did not file any affidavits, depositions, admissions, or answers to interrogatories in support of his motion.

The promissory note attached as an exhibit to Sarsour's statement of facts was dated March 6, 2015, and it provided that the defendants were to repay the $80,000 principal balance within six months. The note stated that if the defendants repaid the principal during that time period, no interest would be owed. The "Definitions" section of the note defined "Default" as "the failure to cure any untimely payment within five business days of [the defendants'] receipt of notice of either a missing payment or a dishonored payment" and provided for a "Default Rate" of interest. The note further provided that "[a]ll notices and other communications required . . . pursuant to this Note must be in writing." In the event of default by the defendants, the note specified that Sarsour had several available remedies, including taking any

answer and paid costs[;] no court action was required[.]"); *Parker v. Branan*, 108 Ga. App. 229, 229 (2) (132 SE2d 556) (1963) (right to open default within 15-day period is "absolute").

action available to him "at law, in equity or otherwise" and seeking "reasonable attorneys' fees" for efforts taken to collect on the note.

The demand letter attached as an exhibit to Sarsour's statement of facts was addressed to the defendants from Sarsour's attorney. The letter, dated January 11, 2016, stated that the defendants had failed to repay the $80,000 principal balance of the note within six months of the execution of the note. The letter demanded that the defendants cure their failure to repay the note by paying the $80,000 in principal plus $4,800 in interest, and the letter indicated that further interest as well as attorney fees would be sought if the defendants failed to make the payment.

After the defendants failed to respond to Sarsour's motion for summary judgment, the trial court granted the motion, finding that the uncontroverted evidence showed that the defendants had failed to repay the $80,000 in principal owed on the note. The trial court found that the defendants were liable for the $80,000 in principal, plus $15,228 in interest (which would continue to accrue at the rate of $39.45 per day) and $14,284 in attorney fees.

On appeal, the defendants contend that the trial court erred in granting summary judgment to Sarsour because he failed to present sufficient competent evidence to make out a prima facie case for recovery on the note. The defendants

4

point out that summary judgment cannot be entered by default, and they emphasize that Sarsour did not present any affidavits or other sworn testimony to support his contentions.

Summary judgment is proper only if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." OCGA § 9-11-56 (c). Where the party moving for summary judgment is the plaintiff, he must make a prima facie showing that no material issues of fact exist and that he is entitled to judgment as a matter of law before the burden shifts to the defendant to establish a possible defense. See *Sawnee Forest, LLC v. CRE Venture 2011–1, LLC*, 339 Ga. App. 339, 341 (2) (793 SE2d 542) (2016); *Smith v. Gordon*, 266 Ga. App. 814, 814 (1) (598 SE2d 92) (2004).

"Because there is no such thing as a default summary judgment," a defendant's failure to respond to a plaintiff's motion for summary judgment does not automatically entitle the plaintiff to judgment in his favor. *Rapps v. Cooke*, 234 Ga. App. 131, 131 (1) (505 SE2d 566) (1998). "A party opposing a summary judgment motion need not respond and may instead rely on the movant's failure to remove any fact questions." *Sherman v. Thomas-Lane American Legion Post 597*, 330 Ga. App. 618, 621 (1) (768 SE2d 797) (2015). And while "[a] failure to respond to a motion

5

for summary judgment results in waiver of the right to present evidence in opposition to the motion, . . . the moving party must still show from the pleadings and the evidence that summary judgment is appropriate." *Rapps*, 234 Ga. App. at 131-132 (1). Accordingly, irrespective of the defendants' failure to respond to Sarsour's motion for summary judgment, we must evaluate whether Sarsour met his burden of establishing a prima facie case for recovery on the promissory note. See id. We conclude that Sarsour failed to meet his burden.

"When a promissory note, on its face, shows that it is past due and in *default*, the plaintiff establishes a prima facie right to judgment, and the burden shifts to the [defendant] to establish an affirmative defense." (Emphasis in original.) *ABI Investments, LLC v. FSG Bank, Nat. Assn.*, 326 Ga. App. 367, 368-369 (756 SE2d 606) (2014). See *Roca Properties, LLC v. Dance Hotlanta*, 327 Ga. App. 700, 706 (1) (761 SE2d 105) (2014). However, if the plaintiff fails to point to any competent evidence reflecting that the defendant defaulted on the note, the burden does not shift to the defendant, and the grant of summary judgment in favor of the plaintiff is inappropriate. *ABI Investments, LLC*, 326 Ga. App. at 369.

As previously discussed, in support of his motion for summary judgment, Sarsour included, as exhibits to his motion, the promissory note and the demand letter

6

sent to the defendants by his attorney.[3] The note provided that a "default" occurred upon "the failure to cure any untimely payment within five business days of [the defendants'] receipt of notice of either a missing payment or a dishonored payment," and that "notice" had to be in writing. The demand letter gave the defendants written notice of their failure to make timely payment of the principal as required by the note.

Significantly, however, Sarsour presented no competent evidence that the defendants failed to cure their untimely payment within five business days of receiving the required written notice, and thus failed to show that the defendants were in default under the specific terms of the note. In this regard, Sarsour presented no affidavits or other sworn documents in support of his summary judgment motion,

---

[3] The rules of evidence apply in summary judgment proceedings, *R&G Investments & Holdings, LLC v. American Family Ins. Co.*, 337 Ga. App. 588, 596 (3) (787 SE2d 765) (2016), and "[i]n general, a writing will not be admitted into evidence unless the offering party tenders proof of the authenticity or genuineness of the writing." (Citation and punctuation omitted.) *Jaycee Atlanta Dev., LLC v. Providence Bank*, 330 Ga. App. 322, 325 (2) (765 SE2d 536) (2014). But, the promissory note at issue in this case was self-authenticating. See OCGA § 24-9-902 (9) (self-authenticating documents include "[c]ommercial paper, signatures thereon, and documents relating thereto to the extent provided by general commercial law"); *Jaycee Atlanta Dev., LLC*, 330 Ga. App. at 325 (2) (loan documents were self-authenticating under OCGA § 24-9-902 (9)). And, in any event, the defendants waived any objection on authentication grounds to the note or demand letter by not objecting to their inclusion as exhibits in support of the summary judgment motion. See *Amah v. Whitefield Academy*, 331 Ga. App. 258, 262 (2) (770 SE2d 650) (2015).

instead relying on his prior pleadings, his brief filed in support of his motion, and his statement of facts and theory of recovery that was filed pursuant to Uniform Superior Court Rule 6.5 ("Rule 6.5").[4] But, unsworn pleadings such as an unverified complaint do not constitute evidence and thus cannot be considered in addressing a motion for summary judgment. See *Wellstar Health System v. Painter*, 288 Ga. App. 659, 662, n.5 (655 SE2d 251) (2007). Likewise, "[a] brief in support of a motion for summary judgment is not proper evidence upon which summary judgment can be granted." (Citation and punctuation omitted.) *Crisler v. Farber*, 258 Ga. App. 456, 458 (2) (574 SE2d 577) (2002). Furthermore, "the right to summary judgment is not shown by mere reference to the Rule 6.5 statement of facts. The statement of facts under Rule 6.5 is not evidence for purposes of summary judgment, and [the defendants'] lack of response thereto [does] not amount to an admission of fact." *Rapps*, 234 Ga. App. at 132 (1).

---

[4] Rule 6.5 provides:
Upon any motion for summary judgment pursuant to the Georgia Civil Practice Act, there shall be annexed to the notice of motion a separate, short and concise statement of each theory of recovery and of each of the material facts as to which the moving party contends there is no genuine issue to be tried. The response shall include a separate, short and concise statement of each of the material facts as to which it is contended there exists a genuine issue to be tried.

8

Given the absence of any competent evidence that the defendants defaulted under the terms of the promissory note, Sarsour failed to establish a prima facie right to judgment. Accordingly, the trial court erred in granting summary judgment to Sarsour and must be reversed. See *ABI Investments, LLC*, 326 Ga. App. at 369 (summary judgment on promissory note claim improper where plaintiff, as moving party, failed to present evidence that defendant had defaulted under the terms of the default provision of the note).

*Judgment reversed. McMillian and Mercier, JJ., concur.*