**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 25, 2026**

# In the Court of Appeals of Georgia

A25A2186. WELKER-REYES v. VELOCITY INVESTMENTS, LLC.

DOYLE, Presiding Judge.

In this collection action, defendant Scott Welker-Reyes appeals from the grant of summary judgment to plaintiff Velocity Investments, LLC ("Velocity"). Welker-Reyes contends that the trial court erred by ruling that he failed to timely respond to discovery, thereby admitting the requested information. Based on the record before us, the trial court appears to have overlooked certain responses filed by Welker-Reyes, so we vacate and remand for proceedings consistent with this opinion.[1]

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.

---

[1] Welker-Reyes also raises other challenges, but those are moot, based on our holding herein.

OCGA § 9-11-56(c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we review the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459, 459(1) (486 SE2d 684) (1997).

So viewed, the record shows that Velocity filed an unverified complaint against Welker-Reyes on November 5, 2024. The complaint alleged that Welker-Reyes owed a principle sum of $16,181.93, and attached to the complaint were documents purporting to show a November 30, 2023 assignment of the debt from Coastal Community Bank to X1 Inc. and from X1 Inc. to Velocity on the same day. Also attached were certain single-line spreadsheet entries with Welker-Reyes's name, address, and purported account information, as well as a boilerplate card-member agreement and a purported X1 account statement with Welker-Reyes's name. None of the documents are authenticated or otherwise supported by affidavit.

On the same day it filed the complaint, Velocity filed requests for admission, requests for production, and interrogatories that would establish the validity of its claim on Welker-Reyes's debt. Welker-Reyes was served personally with the complaint, summons, and discovery requests on November 15, 2024.

On December 2, 2024, Welker-Reyes filed a motion to dismiss, asserting procedural and substantive defenses, and asserting counterclaims alleging debt collection violations and negligent infliction of emotional distress. He did not file an answer at that time.

On February 19, 2025, the trial court denied Welker-Reyes's motion to dismiss, holding that Welker-Reyes's procedural challenges failed, and that Velocity had stated a claim provable by adequate evidence, so dismissal was premature. Specifically, it noted that although Welker-Reyes had identified alleged "discrepancies in the exhibits relating to the assignment of [Welker-Reyes's] account to plaintiff Velocity," they were "not lethal to the [c]omplaint at this early juncture."

On February 26, 2025, Welker-Reyes filed an answer denying the allegations in the complaint. On March 3, 2025, he moved for summary judgment, arguing that Velocity's continued failure to support its claims (i.e., with affidavits or authenticated documentary evidence) warranted ruling in his favor. Two days later, on March 5, 2025, Velocity moved for summary judgment, arguing that Welker-Reyes had not yet responded to its discovery requests, so they should be deemed admitted and its claims proved. Attached to Velocity's motion was an affidavit from its attorney averring that

it had served discovery requests on Welker-Reyes, and his responses were now overdue.

On March 21, 2025, Welker-Reyes filed an amended answer and responses to Velocity's discovery requests, denying the debt and Velocity's status as creditor. On April 9, 2025, Welker-Reyes filed a brief in opposition to Velocity's motion for summary judgment, attaching a 10-Q form for Robinhood Markets, Inc., stating in part that it had acquired the stock of X1 Inc. (Velocity's predecessor) in June 2023.[2]

On May 1, 2025, the trial court entered an order granting summary judgment in favor of Velocity and denying Welker-Reyes's summary judgment motion. Specifically, the court ruled that the record "establishes a chain of assignment of the account belonging to [Welker-Reyes] from Coastal Community Bank to X1, Inc., [sic] and finally to Plaintiff Velocity Investments." It held that Welker-Reyes was deemed to have admitted the discovery requests, which the court stated he "never answered." It also noted that Welker-Reyes was in default for failing to timely file an answer.

---

[2] The 10-Q form makes reference only to Robinhood's acquisition of "the outstanding equity of X1 Inc."; it does not assert that X1 Inc. was dissolved or otherwise ceased to operate.

Accordingly, the court awarded Velocity a principle sum of $16,181.93 plus court costs.[3] Welker-Reyes now appeals.

Welker-Reyes contends that the trial court erred by ruling that he was late in responding to Velocity's discovery requests, thereby admitting them. We agree in part.

Welker-Reyes was served with the complaint and discovery requests on November 15, 2024, so under OCGA § 9-11-36(a)(2), Welker-Reyes was not required to respond to discovery "before the expiration of 45 days after service of the summons and complaint upon him," i.e., December 30, 2024. Further, under OCGA § 9-11-12(j) (2024), if a party files a timely motion to dismiss, "discovery shall be stayed for 90 days after the filing of such motion or until the ruling of the court on such motion, whichever is sooner," and "[t]he discovery period and all discovery deadlines shall be extended for a period equal to the duration of the stay imposed by this subsection."

---

[3] The trial court's order was premised on discovery admissions, but it also noted in passing that Welker-Reyes was in default for failing to timely file an answer, that his later filed answer was filed without a motion to open default, and he had not paid the court costs as required. Velocity never moved for default judgment, and its motion for summary judgment was based on admissions to discovery, not default. Consistent with this, Velocity's appellate brief is premised on Welker-Reyes's purported admissions to discovery. Thus, we do not address the effect, if any, of the timing of Welker-Reyes's answer.

Against this legal background, the trial court's order cursorily states that in support of its summary judgment motion, Velocity "proffers requests for admissions served on [Welker-Reyes] and never answered." But this is belied by the record, which reflects that Welker-Reyes provided answers on March 21, 2025. Further, the trial court never engaged in the above legal analysis to determine the timeliness of Welker-Reyes's response.

With respect to the substance of Velocity's claims,

> [s]ummary judgment is proper only if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." OCGA § 9-11-56 (c). Where the party moving for summary judgment is the plaintiff, he must make a prima facie showing that no material issues of fact exist and that he is entitled to judgment as a matter of law before the burden shifts to the defendant to establish a possible defense. … *[U]nsworn pleadings such as an unverified complaint do not constitute evidence and thus cannot be considered in addressing a motion for summary judgment.* Likewise, a brief in support of a motion for summary judgment is not proper evidence upon which summary judgment can be granted.

*Tselios v. Sarsour*, 341 Ga. App. 471, 473-75 (800 SE2d 636) (2017) (cleaned up; emphasis added).

Here, the record contains only unverified pleadings and no authenticated substantive evidence supported by affidavit proving the debt or Velocity's status as creditor. Velocity is not entitled to summary judgment solely on its pleadings. See id.

Finally, the trial court's order stated, "[a]lso of note, [Welker-Reyes] is in default. [Welker-Reyes] filed a motion to dismiss on December 2, 2024 but did not file an answer at that time. Filing a motion to dismiss does not toll the time for filing an answer." It is not clear from the order that this was the sole basis (or even a basis) for its ruling. But as pointed out by Welker-Reyes, the deadline to answer contained in OCGA § 9-11-12(a) was amended, effective April 21, 2025, a few days before the trial court entered its order, and it provides, in relevant part, that it shall apply to actions pending on its effective date. See Ga. L. 2025 at 19, § 9. Accordingly, on remand, if a default ruling becomes dispositive, the trial court is instructed to determine how, if at all, the new Code section affects Welker-Reyes's default status. See generally *Murphy v. Murphy*, 295 Ga. 376, 378 (761 SE2d 53) (2014) ("[T]o apply a procedural statute retroactively generally does not mean that it applies with respect to prior filings, proceedings, and occurrences, but rather that the procedural change affects

7

future court filings, proceedings, and judgments that arise from prior occurrences.").

*Judgment vacated and case remanded with direction. Markle and Padgett, JJ.,* *concur.*