A98A0439. SPARROW et al. v. CHE.
(501 SE2d 553)

ANDREWS, Chief Judge.

George and Gail Sparrow dismissed and then refiled an action against Fu Kuei Che seeking damages arising out of an automobile accident. The trial court dismissed the second action on the basis that it was barred by the applicable statute of limitation and that lack of service on Che in the first action rendered it incapable of being renewed under OCGA § 9-2-61 (a) after the expiration of the limitation period. The Sparrows contend on appeal that if Che attempted to evade service in the first action, the second action should be renewable under § 9-2-61 (a).

On January 12, 1996, the Sparrows filed suit against Che for

personal injuries and property damages sustained in the accident which occurred on January 15, 1994. Che could not be located by the process server, and he was not served with the action. Nevertheless, on March 4, 1996, Che filed an answer to the suit in which he raised the defense that there was a lack of service of process. Thereafter, the Sparrows and Che engaged in discovery until the Sparrows voluntarily dismissed the action on September 5, 1996, pursuant to OCGA § 9-11-41 (a). On October 31, 1996, the Sparrows refiled the same action against Che and served him. The second suit was filed and served on Che after the expiration of the two-year statute of limitation for personal injuries (OCGA § 9-3-33) but before the expiration of the four-year statute of limitation for property damage (OCGA § 9-3-31).

Che moved for dismissal on the basis that: (1) the Sparrows failed to file and serve the second action within the two-year personal injury limitation period, and (2) even though the second suit was filed within the six-month renewal period of OCGA § 9-2-61 (a), the renewal provisions of OCGA § 9-2-61 did not apply because without service on him in the first suit, there was no valid action to renew. The trial court granted Che's motion and entered an order dismissing the Sparrows' entire suit with prejudice.

1. We find no error in the dismissal of the Sparrows' action for personal injuries. Although the Sparrows commenced their first personal injury suit within the applicable two-year limitation period, they failed to serve Che with the suit, and the limitation period expired before they voluntarily dismissed the action and refiled the second suit about two months later. Under these circumstances, the renewal provisions of OCGA § 9-2-61 (a) did not protect the second suit from the bar of the statute of limitation.

OCGA § 9-2-61 (a) provides: "When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state . . . within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, . . . provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once." The privilege of dismissal and renewal under § 9-2-61 does not apply where the original suit was void. *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994). "The original suit is void if service was never perfected, since the filing of a complaint without perfecting service does not constitute a pending suit." Id. at 360.

Since Che was not served in the first suit, that suit was void and incapable of being renewed under § 9-2-61 (a). Neither Che's appear-

ance in the first suit by filing an answer and raising the defense of lack of service, nor his participation in discovery prior to the Sparrows' dismissal was a waiver of the service defect. *Glass v. Byrom*, 146 Ga. App. 1, 2 (245 SE2d 345) (1978); *Garrett v. Godby*, 189 Ga. App. 183, 185 (375 SE2d 103) (1988). We find no merit in the Sparrows' contention that the trial court should have allowed them to pursue discovery in the second action to determine if Che attempted to avoid service in the first action. Whether or not Che attempted to evade service does not change the fact that lack of service rendered the first action void. If Che did attempt to conceal himself to avoid service in the first action, the Sparrows' remedy was to use the provisions of OCGA § 9-11-4 (e) authorizing service by publication and by mail where the defendant conceals himself to avoid process. *Melton v. Johnson*, 242 Ga. 400, 402 (249 SE2d 82) (1978).

2. The trial court erred, however, in dismissing the portion of the Sparrows' suit seeking recovery of damages to their automobile, since the second suit was filed and served on Che within the four-year statute of limitation applicable to property damage.

Accordingly, the judgment of the trial court is affirmed to the extent it dismissed with prejudice the Sparrows' personal injury claim and reversed to the extent it dismissed the Sparrows' property damage claim.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Eldridge, J., concur.*

DECIDED APRIL 13, 1998.

*Champion & Holbird, Thomas R. Holbird, Jr.,* for appellants.
*Allen & Associates, Robert E. Bauer,* for appellee.