A99A0637. THORBURN COMPANY v. ALLIED MEDIA OF GEORGIA, INC.
(516 SE2d 833)

ELDRIDGE, Judge.

Plaintiff-appellant Thorburn Company ("Thorburn") appeals the dismissal of its complaint against Allied Media of Georgia, Inc. ("Allied Media"). We affirm.

On March 6, 1995, Thorburn filed a complaint against Allied Media in the State Court of Hall County. The complaint alleged, inter alia, breach of contract and fraud. Allied Media is a foreign corporation which had been authorized to conduct business in Georgia and which had listed with the Secretary of State's office a registered agent to receive service in Fulton County, Georgia. On March 13, 1995, Thorburn attempted but failed to effect service at the Fulton County office; he received a Return Non Est Inventus from the Fulton County Sheriff's Office on March 13, 1995, stating that Allied Media had moved in 1993. Thorburn notified the Georgia Secretary of State's office that Allied Media's registered agent was not available

to receive service, and, on July 23, 1995, the Secretary of State dissolved Allied Media's corporate existence in this state for failure to file its annual registration.

In the meantime, on July 7, 1995, Thorburn sent a copy of the complaint by certified mail to Roger Amato, the only known officer of Allied Media, at his Woodstock, Vermont office; Amato acknowledged receipt of the complaint on July 11, 1995. On October 6, 1995, Allied Media answered the complaint and asserted, inter alia, lack of personal jurisdiction, improper venue, and insufficient service of process. See OCGA §§ 9-11-4 (d); 9-11-12 (b) (2), (3), (5); 14-2-510 (b) (1), (2).

Thorburn subsequently filed a motion for default judgment, which was granted on July 12, 1996. Thorburn did not notify Allied Media of the motion or the judgment thereon. Thorburn instituted garnishment proceedings on October 17, 1996, in Fulton County, thereby providing Allied Media's first notice of the default judgment. On February 18, 1997, Allied Media moved the trial court to set aside the default judgment under OCGA § 9-11-60 (d) (1), again asserting insufficient service of the underlying complaint and improper venue. After conducting two hearings,[1] the trial court found that Thorburn had failed to properly serve Allied Media and granted the order to set aside the default judgment on September 18, 1997. In addition, the trial court noted that Hall County was an improper venue for this complaint.

Three weeks later, on October 10, 1997, the trial court dismissed the complaint without prejudice after finding that Thorburn had never perfected service, so that no suit had ever commenced. Thorburn appeals from this dismissal. *Held*:

In his sole enumeration of error, Thorburn asserts that the State Court of Hall County erred in dismissing the case, contending instead that the trial court, upon finding that Hall County was the improper venue for this action, should have transferred the case to the proper venue, i.e., Fulton County,[2] pursuant to Uniform Superior Court Rule 19.1.[3] In making this assertion, Thorburn does not directly attack the trial court's finding that Thorburn had never properly served Allied Media, nor does it claim that Allied Media waived its OCGA § 9-11-12 (b) pleas in abatement. Thorburn claims only that the decisions regarding personal jurisdiction and insufficient service should have followed the USCR 19.1 transfer. We disagree.

---

[1] The transcripts of the hearings were not included in the record.

[2] There is no dispute as to whether Fulton County is the proper venue for this action.

[3] Under Uniform Superior Court Rule 19.1, a timely motion in any pending civil action which asserts that venue is improper shall be treated as a motion to transfer the case to the proper court.

1. A suit commences only after the filing of a petition and the proper service of process upon the defendant as required and authorized by law. See OCGA §§ 9-11-3; 9-11-4 (c), (d), (e); 9-12-16; *Lawrence v. Noltimier*, 213 Ga. App. 628 (445 SE2d 378) (1994); *Williams v. Colonial Ins. Co. of Ca.*, 199 Ga. App. 760 (406 SE2d 99) (1991); *Hilton v. Maddox &c. Contractors*, 125 Ga. App. 423 (188 SE2d 167) (1972); see also *Franek v. Ray*, 239 Ga. 282, 285 (236 SE2d 629) (1977). Service of the summons and the complaint together is required. OCGA § 9-11-4 (d); *Stamps v. Bank South, N.A.*, 221 Ga. App. 406, 409 (471 SE2d 323) (1996) (holding that the acknowledgment of receipt of a complaint does not constitute sufficient service of summons or waiver of such service under OCGA § 9-11-4 or § 9-10-73); *Jones v. Jones*, 209 Ga. 861, 863 (76 SE2d 801) (1953). "[S]ervice of summons, unless waived, is required to notify a defendant of an impending action and his duty to respond within a specified time or incur judgment by default. *Stamps v. Bank South, N.A.*, [supra at 408 (1)]; OCGA § 9-11-4 (b)." *Atlanta Med. Accounting Corp. v. Financial Software*, 227 Ga. App. 311-312 (489 SE2d 93) (1997); *Jones v. Jones*, supra at 862.

If service is perfected in accordance with statutory requirements, the date of service relates back to the date of filing, which establishes the date the action is commenced. *Franek v. Ray*, supra at 285. If service is never perfected and is not waived, the court does not acquire jurisdiction over the defendant and the suit is void, "since the filing of a complaint without perfecting service does not constitute a pending suit." (Punctuation omitted.) *Sparrow v. Che*, 232 Ga. App. 184, 185 (1) (501 SE2d 553) (1998), citing *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994). See also OCGA § 9-12-16; *Jones v. Isom*, 223 Ga. App. 7 (477 SE2d 139) (1996); *Plumlee v. Davis*, 221 Ga. App. 848 (473 SE2d 510) (1996); *Stamps v. Bank South*, supra at 409; *Bigley v. Lawrence*, 149 Ga. App. 249, 250 (253 SE2d 870) (1979). Accordingly, any judgment entered thereon is void. *Lee v. G.A.C. Finance Corp.*, 130 Ga. App. 44, 45 (4) (202 SE2d 221) (1973).

In this case, the trial court set aside the default judgment after finding that Thorburn had *never* perfected service on Allied Media. The trial court found that "by not serving a summons along with the complaint to either [Allied Media] or the Secretary of State [pursuant to OCGA §§ 9-11-4 (d) and 14-2-1510], service was not properly perfected." The trial court acts as factfinder in matters regarding the sufficiency of service. *Kim v. Platt*, 229 Ga. App. 92, 94 (493 SE2d 249) (1997). As there is no transcript of the hearing on the motion to set aside the default judgment, this Court must presume that the evidence presented supports the trial court's findings of facts in its order setting aside the judgment. *Giffen v. Burrell*, 176 Ga. App. 278, 279 (1) (335 SE2d 616) (1985); *Miller v. Grier*, 175 Ga. App. 91 (332

SE2d 323) (1985); *Peek v. Duffy*, 172 Ga. App. 834 (324 SE2d 795) (1984). Accordingly, there was no error in the trial court's grant of Allied Media's motion to set aside the default judgment after finding that Thorburn had never perfected service.

2. Further, based on such finding, the trial court determined that the suit had never "commenced" and, therefore, must be dismissed. Contrary to Thorburn's argument that the case should have been transferred to the proper venue before considering the issue of insufficient service, this Court finds that, until service is perfected or waived, there is no "pending civil action" to transfer pursuant to USCR 19.1.

Accordingly, there was no error.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED APRIL 28, 1999.

*Banks, Stubbs & Neville, Rafe Banks III*, for appellant.
*Stewart, Melvin & Frost, J. Douglas Stewart*, for appellee.