## A00A0944. SOUTH v. MONTOYA.
### (537 SE2d 367)

ELDRIDGE, Judge.

On October 2, 1995, Beth Denton South was in a collision with Theresa Montoya in Chatham County, Georgia, where Montoya, the tortfeasor, lived. South filed suit against Montoya on October 2, 1997. Montoya had previously moved to North Carolina, however, and could not be found for service. South was unable to personally serve Montoya in North Carolina under the Georgia Long Arm Statute, OCGA § 9-10-90 et seq., because she never learned Montoya's address. South obtained an order to serve Integon Insurance, Montoya's insurer, by substituted service in North Carolina as service on Montoya. Montoya answered and raised as defenses lack of service of process, personal jurisdiction, and the statute of limitation. Montoya also filed a motion to dismiss for lack of service, lack of diligence, and the statute of limitation. On October 1, 1999, the trial court entered an order dismissing the complaint under OCGA § 9-11-12 (b) without indication whether the dismissal was in abatement under OCGA § 9-11-12 (b) (2), (4) and (5) or was on the merits under OCGA § 9-11-12 (b) (6) in bar.

South's sole enumeration of error is that the trial court erred in dismissing the complaint. We do not fully agree. Since removal of a defendant from the state tolls the running of the statute of limitation under OCGA § 9-3-94, if the trial court dismissed the action on the merits, then it was error; also, lacking personal jurisdiction, the trial court could not reach the merits of the case. However, if the trial court dismissed the case under OCGA § 9-11-12 (b) (2), (4), and (5) as a matter in abatement without prejudice, then this would be a proper disposition of the case.

1. The trial court properly dismissed the complaint for lack of service and lack of personal jurisdiction. Substituted service on a tortfeasor's insurer is not proper service under OCGA § 9-11-4 (d) and (e) (2) or OCGA § 9-10-90 et seq. See *Gould v. Latorre*, 227 Ga. App. 32, 33 (1) (488 SE2d 116) (1997). Montoya, the insured, has been neither personally nor constructively served process as prescribed by such statutes for perfecting service. See *Thorburn Co. v. Allied Media of Ga.*, 237 Ga. App. 800, 802 (1) (516 SE2d 833) (1999).

> If service is perfected in accordance with statutory requirements, the date of service relates back to the date of filing, which establishes the date the action is commenced. If service is never perfected and is not waived, the court does not acquire jurisdiction over the defendant and the suit is void, since the filing of a complaint without perfecting service does not constitute a pending suit.

(Citations and punctuation omitted.) Id.

While notice of the action may have been communicated to Montoya in this fashion, service of summons of process must be perfected as prescribed by law for the trial court to acquire jurisdiction over the person of the defendant to rule on the merits of the case. *Thorburn Co. v. Allied Media of Ga.*, supra at 802. Thus, the trial court had jurisdiction sufficient to determine its lack of personal jurisdiction over the defendant and to dismiss the complaint without prejudice when it determined such jurisdictional issues adversely to the plaintiff. *Williams v. Fuller*, 244 Ga. 846, 849 (3) (262 SE2d 135) (1979). Ruling on such motion does not reach the merits of the case, because they are defenses in abatement. *Ogden Equip. Co. v. Talmadge Farms*, 232 Ga. 614 (208 SE2d 459) (1974); *Hight v. Blankenship*, 199 Ga. App. 744, 745 (406 SE2d 241) (1991).

2. Since the trial court lacked personal jurisdiction over Montoya, it then lacked the authority to decide any issues on the merits, i.e., the running or tolling of the statute of limitation. *Williams v. Fuller*, supra at 849 (3); *Zepp v. Toporek*, 211 Ga. App. 169, 172-173 (2) (438 SE2d 636) (1993); *Hight v. Blankenship*, supra at 745. Once the trial court determines that service has not been perfected and that there is no personal jurisdiction over the defendant, the trial court loses jurisdiction to rule on the merits of the case, including the statute of limitation and tolling of the statute. See *Wilson v. Ortiz*, 232 Ga. App. 191, 193-194 (1) (501 SE2d 247) (1998).

Furthermore, the statute of limitation would be tolled by Montoya's absence from the state. See OCGA § 9-3-94. For this tolling provision to apply, the defendant must have been a resident of the state when the cause of action accrued and have left the state with the intent to change residence. *Miller v. Rackley*, 199 Ga. 370, 377 (3) (34 SE2d 438) (1945); *Stanfield v. Hursey*, 36 Ga. App. 394 (2) (136 SE 826) (1927). Temporary absence from the state does not cause the tolling to occur. *Bryant v. Sanders*, 139 Ga. App. 379 (228 SE2d 329) (1976). Tolling occurs only when service has become impossible to make. *Railey v. State Farm &c. Ins. Co.*, 129 Ga. App. 875, 877 (1) (201 SE2d 628) (1973). Since service by the Long Arm Statute provides a vehicle by which a nonresident or a former resident can be served where such defendant's residence is known, see *Crowder v. Ginn*, 248 Ga. 824 (286 SE2d 706) (1982), then unreasonable delay in perfecting service will give rise to laches and the running of the statute of limitation. OCGA § 9-10-90 et seq.; *Gould v. Latorre*, supra at 33-34 (2); *Towns v. Brown*, 177 Ga. App. 504 (339 SE2d 926) (1986). However, where the former resident's foreign residence is not known outside the state, the running of the statute of limitation is tolled until such residence should reasonably be discovered. OCGA § 9-3-94; see generally *Miller v. Rackley*, supra; *Railey v. State Farm &c. Ins. Co.*, supra at 880 (4); *Tift v. Bank of Tifton*, 60 Ga. App. 563 (4

SE2d 495) (1939). To this day, South has never learned the residence of Montoya for purposes of service. Therefore, the trial court erred in granting a dismissal on the merits.

The judgment is vacated, and upon remand, the trial court shall enter a judgment of dismissal without prejudice under OCGA § 9-11-12 (b) (2), (4), and (5).

*Judgment affirmed in part, reversed in part and remanded with directions. Blackburn, P. J., and Barnes, J., concur.*

DECIDED MAY 17, 2000.

*Richard L. Roble,* for appellant.
*Branan, Searcy & Smith, David R. Smith,* for appellee.