**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**August 19, 2013**

# In the Court of Appeals of Georgia

A13A1585. DEBERRY v. JOHNSON et al.

RAY, Judge.

Patricia Ann Deberry appeals the trial court's order granting summary judgment in favor of Georgia Ann Johnson in Deberry's personal injury action. For the following reasons, we vacate the order and remand the case to the trial court for further proceedings not inconsistent with this opinion.

In 2012, Deberry filed the present renewal action against Georgia Ann Johnson for injuries she sustained in a car crash. Deberry hired a private process server, who served Terry Johnson at an address in Hahira, Georgia. Terry Johnson stated that Georgia Ann Johnson lived at that address, but that she was not present at the time of service. He accepted the papers on her behalf and agreed to deliver them to her. Johnson filed a timely answer, but argued that she did not live at the Hahira address;

she raised the defenses of, inter alia, insufficiency of process, insufficiency of service, and statute of limitation. Johnson then filed a motion for summary judgment, claiming that the action was barred by the statute of limitation and that the complaint should be dismissed for insufficiency of process and insufficiency of service of process. In support of her response brief to Johnson's summary judgment motion, Deberry filed two affidavits of the special process server.

1. On appeal, Deberry argues that the trial court's grant of summary judgment in favor of Johnson was in error. We agree. A summary judgment ruling constitutes an adjudication on the merits, and it is not the appropriate procedural vehicle to deal with pleas of abatement, such as those asserted by Johnson in her motion for summary judgment. *Ogden Equip. Co. v. Talmadge Farms, Inc.*, 232 Ga. 614, 615 (208 SE2d 459) (1974).

In her summary judgment motion, Johnson argued, inter alia, that the complaint should have been dismissed for insufficiency of process and insufficiency of service of process. These are defenses in abatement under OCGA § 9-11-12 (b) (4), (5), and they do not reach the merits of the case. *South v. Montoya*, 244 Ga. App. 52, 53 (1) (537 SE2d 367) (2000). In *Boyd Motors, Inc. v. Radcliff*, 128 Ga. App. 15 (195 SE2d 291) (1973), this Court held that the defenses enumerated in OCGA § 9-11-12 (b) of

2

the Civil Practice Act, "except [subsection] (6), failure to state a claim upon which relief can be granted, are matters in abatement which are not within the scope of the summary judgment procedure, as a motion for summary judgment applies to the merits of the claim or to matters in bar but not to matters in abatement." (Citations omitted.) Id. Accord *Ogden*, supra.

Despite Johnson's arguments to the contrary, the fact that Deberry presented affidavits outside the pleadings as evidence regarding proper service did not authorize the trial court to rule on a summary judgment motion. See *McPherson v. McPherson*, 238 Ga. 271, 272 (1) (232 SE2d 552) (1977) ("Motions to dismiss for lack of jurisdiction over the person . . . when tried on affidavits . . . do not become motions for summary judgment") (citation omitted). Compare OCGA § 9-11-12 (b) ("If, on a motion to dismiss *for failure of the pleading to state a claim upon which relief can be granted*, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment") (emphasis supplied).

Although Johnson's summary judgment motion also sought relief under the theories that Deberry failed to exercise due diligence in serving Johnson after the expiration of the statute of limitation and that the statute of limitations period had

3

expired, the trial court's ruling on these issues was premature. See *Hight v. Blankenship*, 199 Ga. App. 744, 745 (406 SE2d 241) (1991) (a trial court must rule on matters in abatement to determine whether it has jurisdiction over the merits of the case before it can rule on a statute of limitation issue). Accordingly, we vacate the order granting summary judgment and remand the case to the trial court for further proceedings not inconsistent with this opinion.

2. Because of our holding in Division 1, we need not address Deberry's remaining enumeration of error.

*Judgment vacated and case remanded. Barnes, P. J., and Miller, J., concur.*

4