**SECOND DIVISION**
**MERCIER, C. J.,**
**MILLER, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 30, 2023**

# In the Court of Appeals of Georgia

A23A0683. McCLOUD v. LOWNDES COUNTY BOARD OF COMMISSIONERS et al.

HODGES, Judge.

In this personal injury action, Wayne McCloud sued the Lowndes County Board of Commissioners and Eddie Smith (collectively, "the defendants") after McCloud was injured in a vehicle collision while Smith was directing traffic in a road construction area. The Superior Court of Lowndes County granted the defendants' motion to dismiss, summarily finding that Lowndes County is entitled to sovereign immunity and that Smith is entitled to official immunity. McCloud appeals the trial court's order as to Smith only, arguing that the court erred in making findings of fact, applying an incorrect standard of review, and concluding that Smith is entitled to official immunity. For the following reasons, we vacate the trial court's order

dismissing McCloud's complaint against Smith with prejudice and remand this case for further proceedings.

"On appeal, we review de novo a trial court's grant of a motion to dismiss due to lack of subject matter jurisdiction. We also construe the pleadings in the light most favorable to the nonmoving party with any doubts resolved in that party's favor." (Citation and punctuation omitted.) *Douglas County v. Hamilton State Bank*, 340 Ga. App. 801, 801-802 (798 SE2d 509) (2017). So viewed, the limited allegations in this case demonstrate[1] that McCloud was driving southbound on Old Clyattville Road in Valdosta, Georgia on May 23, 2018. McCloud approached a road construction area where Smith, a Lowndes County employee, was directing traffic through a lane closure using a "standing slow and stop sign." As Smith positioned the sign to direct McCloud through the construction area, Smith also directed a tractor-trailer to enter

---

[1] Although Smith and Lowndes County either denied or averred insufficient knowledge to form a belief as to the truth of McCloud's allegations, we accept the allegations as true for purposes of this appeal. See generally *Love v. Morehouse College*, 287 Ga. App. 743, 743-744 (652 SE2d 624) (2007) (noting that, in analyzing a motion to dismiss, "we view all of the plaintiff's well-pleaded material allegations as true, and view all denials by the defendant as false").

2

the road from a private driveway. As a result, the tractor-trailer struck McCloud, injuring him.[2]

In response to McCloud's complaint, the defendants filed a joint motion to dismiss, asserting that McCloud's claims against Lowndes County were barred by sovereign immunity and his claims against Smith were precluded by official immunity. The trial court summarily granted Smith's motion, concluding that Smith "is entitled to official immunity for the reason that he was engaged in his official discretionary duties at the time of the matters complained of" in McCloud's complaint.[3] The trial court granted McCloud a certificate of immediate review, we granted his application for interlocutory appeal, and this appeal follows.

1. McCloud first contends that the trial court erred in applying the wrong standard of review when deciding the defendants' motion to dismiss. In essence, McCloud argues that the trial court made factual findings to support its ruling,[4] which

_____

[2] McCloud also filed suit against Gray Logging, LLC (owner of the tractor-trailer), Cleason Koon (tractor-trailer driver), and Gray Logging's insurer, BITCO General Insurance Company. The scant record does not include any disposition against these additional defendants, and none are parties to this appeal.

[3] McCloud conceded that Lowndes County is entitled to sovereign immunity and that its motion to dismiss was proper.

[4] McCloud does not identify any factual findings by the trial court, and the trial court's order contains no categorized findings of fact. Presumably, McCloud refers to

3

is both consistent with and necessary for resolving a motion to dismiss under OCGA § 9-11-12 (b) (1), rather than applying the standards for an OCGA § 9-11-12 (b) (6) motion to dismiss.[5] Because the trial court's order lacks any meaningful analysis to support dismissal, we are unable to determine whether the trial court applied OCGA § 9-11-12 (b) (1) or OCGA § 9-11-12 (b) (6), much less whether it properly applied the two differing standards. Therefore, we vacate the trial court's order granting Smith's motion to dismiss and remand this case for clarification of the trial court's order.

As an initial matter, Smith raised the defense of official immunity in his answer. Under the Georgia Constitution,

> [e]xcept as specifically provided by the General Assembly in a State Tort Claims Act, all officers and employees of the state or its departments and agencies may be subject to suit and may be liable for injuries and damages caused by the negligent performance of, or negligent failure to perform, their ministerial functions and may be liable for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance of their official functions. Except as provided

---

the statement in the trial court's order that Smith was "engaged in his official discretionary duties at the time of the matters complained of. . . ."

[5] Compare OCGA §§ 9-11-12 (b) (1) (providing for defense of "[l]ack of jurisdiction over the subject matter") and 9-11-12 (b) (6) (stating defense of "[f]ailure to state a claim upon which relief can be granted").

in this subparagraph, officers and employees of the state or its departments and agencies shall not be subject to suit or liability, and no judgment shall be entered against them, for the performance or nonperformance of their official functions.

Ga. Const. of 1983, Art. I, Sec. II, Par. IX (d); see also *Siegrist v. Herhold*, 365 Ga. App. 828, 830 (880 SE2d 336) (2022). Importantly, official immunity "shall not be waived." Ga. Const. of 1983, Art. I, Sec. II, Par. IX (d). Therefore, our courts have observed that official immunity "is an entitlement not to stand trial rather than a mere defense to liability, and thus is a threshold issue that must be decided at the earliest practicable opportunity." (Citation and punctuation omitted.) *Siegrist*, 365 Ga. App. at 830.

Nevertheless, a review of Georgia precedent reveals that official immunity may be considered at multiple procedural stages. For example, we have reviewed a trial court's order denying a defendant's motion to dismiss for lack of subject matter jurisdiction, based upon official immunity, pursuant to OCGA § 9-11-12 (b) (1). See *Siegrist*, 365 Ga. App. at 828, 830.[6] In contrast, we have also considered official

---

[6] Indeed, even this approach is not a certainty. See generally *Spann v. Davis*, 312 Ga. 843, 850 (2) (866 SE2d 371) (2021) (holding that defenses of judicial and quasi-judicial immunity are affirmative defenses, rather than "issue[s] that would divest the court of subject matter jurisdiction").

immunity defenses in the contexts of both OCGA § 9-11-12 (b) (6) motions to dismiss for failure to state a claim and motions for summary judgment under OCGA § 9-11-56. See *Austin v. Clark*, 294 Ga. 773, 773-774 (755 SE2d 796) (2014) (analyzing OCGA § 9-11-12 (b) (6) motion to dismiss based upon official immunity); *Griffith v. Robinson*, 366 Ga. App. 869, 871 (3) (884 SE2d 532) (2023) (evaluating official immunity defense asserted in summary judgment motion).

Notably, in none of those cases have our courts voiced a prescribed procedural vehicle in which to advance an official immunity defense. This is not a mere academic lark. In fact, our Supreme Court highlighted the different standards for each motion in *Considine v. Murphy,* 297 Ga. 164, 167 (1) (773 SE2d 176) (2015) ("*Considine II*"), recognizing that "*Austin* involved a motion to dismiss for failure to state a claim, see OCGA § 9-11-12 (b) (6), not a motion to dismiss for lack of subject matter jurisdiction, see OCGA § 9-11-12 (b) (1), which was the type of dismissal motion the trial court granted in this case." 297 Ga. at 167 (1), n. 2. First, for example, each of these motions has a different burden of proof. On the one hand, "[w]hen a defendant . . . bring[s] a 12 (b) (1) motion, the *plaintiff* bears the burden to establish that jurisdiction exists." (Citation and punctuation omitted; emphasis supplied.) *Douglas County*, 340 Ga. App. at 801. Compare *Considine v. Murphy*, 327 Ga. App. 110, 111

6

(755 SE2d 556) (2014) ("*Considine I*") (holding, in the context of sovereign immunity, "[a] motion to dismiss . . . is based upon the trial court's lack of subject matter jurisdiction, rather than the merits of the plaintiff's claim" and that "the party seeking to benefit from the waiver of sovereign immunity has the burden of proof to establish waiver") (citations and punctuation omitted), vacated in part on other grounds, *Considine II,* 297 Ga. at 170 (3). On the other hand, motions to dismiss for failure to state a claim pursuant to OCGA § 9-11-12 (b) (6) and motions for summary judgment place the initial burden of proof on the defendant. See generally OCGA § 9-11-56; *Austin*, 294 Ga. at 774-775; *Griffith*, 366 Ga. App. at 871 (3) ("When a defendant moves for summary judgment on the basis of official immunity, he bears the burden of establishing that he was entitled to the protection of said immunity.") (citation and punctuation omitted).

Second, each category of motion views the need for evidence differently. For instance, "a defendant asserting an immunity defense may move to dismiss for lack of subject matter jurisdiction under OCGA § 9-11-12 (b) (1), on consideration of which, the trial court *may hear evidence and make relevant factual findings* to decide the threshold issue." (Emphasis supplied.) *Rivera v. Washington*, 298 Ga. 770, 778 (784 SE2d 775) (2016). Similarly, motions for summary judgment contemplate the

7

submission of evidence and shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law[.]" OCGA § 9-11-56 (c). Conversely, only the *pleadings* — not evidence — are evaluated in a motion to dismiss pursuant to OCGA § 9-11-12 (b) (6). See *Osprey Cove Real Estate v. Towerview Constr*., 343 Ga. App. 436, 439 (1), n. 2 (808 SE2d 425) (2017) (noting that "it would have been improper for the trial court to consider . . . evidence when evaluating a motion to dismiss pursuant to OCGA § 9-11-12 (b) (6)").[7]

Ultimately, it would be inappropriate to attempt to reconcile these disparate procedures here due to the lack of analysis in the trial court's order and the poor state

---

[7] It is true that if,

on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in [OCGA §] 9-11-56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by [OCGA §] 9-11-56.

OCGA § 9-11-12 (b). However, the record shows no indication that the trial court treated Smith's motion in this manner.

8

of the record on appeal. The trial court's analysis is not clear from its order. Moreover, the record contains no evidence submitted by *either* McCloud or Smith, in the form of affidavits, deposition transcripts, or verified discovery responses, on the threshold question of official immunity.[8] Compare *Dept. of Transp. v. Dupree*, 256 Ga. App. 668, 671 (1) (570 SE2d 1) (2002) ("With the deposition and affidavit of their expert witness, the plaintiffs carried their burden of proof on a motion to dismiss under OCGA § 9-11-12 (b) (1) by showing DOT's malpractice."), disapproved on other grounds, *Dept. of Transp. v. Thompson*, 354 Ga. App. 200, 207 (1), n. 6 (840 SE2d

---

[8] On that point, McCloud's counsel referenced "recently submitted admissions," Smith's deposition, and unspecified policies and procedures during the hearing on Smith's motion to dismiss. However, to the extent these documents were filed in the trial court, McCloud did not properly include them in the record on appeal. See OCGA § 5-6-37 (providing that notice of appeal shall include "a designation of those portions of the record to be *omitted* from the record on appeal") (emphasis supplied); *McHugh Fuller Law Group, PLLC v. PruittHealth Toccoa, LLC*, 297 Ga. 94, 98 (2) (772 SE2d 660) (2015) ("[I]t is the appellant that is charged with the duty to designate the appellate record."). Instead, "[t]he notice of appeal in this case states that only certain listed items will be included in the record, and that all other documents, which are not identified, should be excluded. This is exactly opposite the manner prescribed for a notice of appeal by OCGA § 5-6-37. . . ." *Turner v. Natl. Collegiate Student Loan Trust 2007-4*, 342 Ga. App. 835 (803 SE2d 797) (2017). Similarly, although materials submitted in response to McCloud's application for interlocutory appeal included certain discovery responses, we do not consider such materials "where, as here, they have not been certified by the clerk of the trial court as a part of the appellate record and forwarded to this Court." (Citation and punctuation omitted.) *Modi v. India-American Cultural Assn.*, 367 Ga. App. 572, 574 (2) (886 SE2d 378) (2023).

9

679) (2020). Nor could we simply rely on McCloud's unverified complaint to fill any gaps that may arise, depending upon the analysis the trial court applied. Cf. *Tselios v. Sarsour*, 341 Ga. App. 471, 475 (800 SE2d 636) (2017) (holding that "unsworn pleadings such as an unverified complaint do not constitute evidence and thus cannot be considered in addressing a motion for summary judgment" which, like a motion to dismiss pursuant to OCGA § 9-11-12 (b) (1), presents a matter of law).

In sum, then, the trial court's reasoning is unclear from its order, and the record contains no evidence that could potentially shed some analytical light on the order. Accordingly, we vacate the trial court's order granting Smith's motion to dismiss and remand this case to allow the trial court to clarify its resolution of Smith's motion.[9]

---

[9] Because we are vacating the trial court's order, we note that, with the exception of OCGA § 9-11-12 (b) (6), "the defenses enumerated in OCGA § 9-11-12 (b) of the Civil Practice Act . . . are matters in abatement. . . ." (Citation and punctuation omitted.) *Deberry v. Johnson*, 323 Ga. App. 726, 727 (747 SE2d 886) (2013); see also *Hemphill v. Con-Chem, Inc.*, 128 Ga. App. 590, 591 (197 SE2d 457) (1973) ("The following illustrate matter in abatement: *lack of jurisdiction over the subject matter*; lack of jurisdiction over the person; improper venue; insufficiency of process; insufficiency of service of process[.]") (citation omitted; emphasis supplied). A "[m]atter in abatement only results in a dismissal of the action without prejudice[.]" (Citation omitted.) *Hemphill*, 128 Ga. App. at 591; see also *South v. Montoya*, 244 Ga. App. 52 (537 SE2d 367) (2000). As such, "[t]he important thing is that a judgment, which is not on the merits, be correctly denominated as one without prejudice[.]" (Citation and punctuation omitted.) *Hemphill*, 128 Ga. App. at 591.

2. In view of our decision in Division 1, we need not address McCloud's remaining enumeration of error.

*Judgment vacated and case remanded. Mercier, C. J., and Miller, P. J., concur.*